### Donohoe v. Chappell.

1. In an action of debt before J. P. under the statute, for certain trespasses, a statement in writing is required.
2. In this statement it must appear that the land lies in the State of Mo.—and it must be described.
3. The statute of 1831 in regard to errors of J. P., does not reach this case.
4. Judge Tompkins dissenting.
5. The statement in this case sufficient—not necessary to lay venue, to give J. P. jurisdiction—description of the land unnessary.

ON ERROR from the Howard circuit court.

Opinion of the court delivered by WASH, Judge.

Suit before J. P.

Donohoe the plaintiff in error sued Chappell the defendant in error before a justice of the peace, and got judgment, from which Chappell appealed to the circuit court, where the judgment of the justice was reversed and the cause dismissed; and the plaintiff has brought his writ of error to this court to reverse the judgment of the circuit court.

The ground relied on by the counsel for the defendant in error is, that there was no sufficient declaration or statement filed with the justice as the foundation of the action.

The statement is in these words:

Statement filed before J. P

"Stephen Donohoe v. Abner Chappell justice's court, Chariton Township—in action of debt. Stephen Donohoe the plaintiff in said suit complains that the defendant Abner Chappell has thrown down the fences of the said plaintiff eight times, and left the same down at sundry times, between the first day of August 1834, and the second day of October next following, and the said plaintiff for the aforesaid trespasses and damages done and committed by the said Abner Chappell, demands the sum of fifty dollars, therefore he sues."

Upon this statement or declaration the justice issued a regular summons, in debt.

This was evidently intended as a proceeding in an action of debt under the statute for the prevention of certain trespasses, Rev. code p. 781—and the only question is that on which the counsel for the appellee relies as to the sufficiency of the declaration. It is not doubted but that in this case a substantial statement was necessary.

The act dispensing with the necessity of filing such statements in actions of debt &c., and requiring the plaintiff to file with the justice the bond, note or account sued on, was not intended to apply to a case like the present. Or if from the generality of its terms it should be held to include such actions of debt as the present, still in pursuing the spirit of the act, some sufficient statement in cases not founded on bond, note or account, was clearly required.

The statute under which the plaintiff has sued, is a very peculiar one, and loosely worded.

One of the provisoes to this statute authorises the defendant to "set up a title to the land on which any of the trespasses mentioned in the first section of the act, are alleged to have been committed," and then authorises the justice to take the recognizance of the party to appear &c. "in any Court of Record within this state having cognizance thereof" that is, of the claim or title so set up—and then further to transmit "the Recognizance so by him taken as aforesaid, to the clerk of the circuit court in which" &c. And in another proviso, the party for whose benefit such recognizance was taken, is authorised to sue out a scire facias &c. against the defendant and his securities.

In support of the statement or declaration in this case, the counsel for the plaintiff in error contend that the action of debt provided for in the statute is like any other action of debt altogether transitory, and will as well lie for trespasses committed in any other county of the State, or in any other State as for those committed in the township or county in which the justice resides &c.

This position is not tenable. It should at least sufficiently appear that the trespasses complained of were committed within the State of Missouri, and the law on which they are alleged to have been committed should be described with such reasonable accuracy as to enable the defendant to know whether he might defend himself or not by setting up a title to the land. The statute of 1831, curing all defects in the proceedings of justices of the

In this statement it must appear that the land lies in the state of Mo. —and it must be described.

peace, does not cover the case. The statement in this case was the act of the party himself and not of the justice. It is too defective to ground an action upon it, under the statute. It has not been thought necessary to notice particularly the cases cited by the counsel. In the case of Cook & Callaway (1st vol. Missouri Dec. 545) decided by this court, there was the same defect in the declaration or statement, and in that case it was held to be fatal. Greater accuracy is essential not for the reason as stated in Cook & Callaway "to give the justice jurisdiction," but to apprise the defendant of what he has to answer, and to enable him with greater care and certainty to place the judgment &c. in a future action for the same cause.

Judge Tompkins dissenting.

Tompkins J. dissenting.

I dissent, believing the statement good enough. It apprises the defendant that he is to answer for a trespass. The plaintiff is not permitted by our statute to sue the defendant but in his own township or in that of the plaintiff, if the defendant be there found; then it is not necessary for the action to be brought in the township where the land lies, for if it were so, the permission to sue would in many cases be useless. Nobody would pretend that the Legislature would require a formal declaration in trespass. In an action of trespass quare clausum fregit it is not necessary to set out the close by metes and bounds. See Chitty pl. vol. 1, p. 364, and although in such action there is a declaration in form, yet there is not necessarily any description of the law. The defendant as in many other actions must depend on the memory of persons present at the trial to defend himself against a second suit for the same cause of action. Any other construction of the statute would render it, in my opinion, almost useless. For few people wish to employ a lawyer to try such suits for them.