THE STATE, Defendant in Error, v. YOUNG, Plaintiff in Error.

1. No owner of land over which a road passes can change its location in any other manner than that prescribed by law.

2 When user alone, disconnected with any act of the owner showing an intention to dedicate, is relied on as evidence of a dedication of a right of way to the public, it must continue the length of time necessary to bar an action to recover the possession of land; the same length of time of non-user would, it would seem, be necessary to raise a presumption of abandonment by the public.

*Error to Dallas Circuit Court.*

This was an indictment for obstructing a public road. The court gave the following instruction at the instance of the prosecution: "If the jury believe from the evidence that before the 1st day of May, 1856, the county court of Dallas county had made an order establishing a county road in the county of Dallas and had directed the same to be opened and described as alleged in said indictment, and that the same had been opened, and that the defendant since the 1st day of May, 1856, and before the finding of this indictment, in the county of Dallas, unnecessarily obstructed said road by erecting a fence across the same, they should find defendant guilty."

The court refused to give the following instruction asked by defendant: "If the jury believe from the evidence that before the fence was made across the road, the travel on the road near the place had changed, and that this new location and not the old road had been worked by the overseer and hands and had thus been kept open and in order, and that both ends of this portion of the old road, where the new road left it and again entered it, had been brushed across, and that the general travel was on this new road before the fence was erected, and the old portion of the road had been abandoned as a travelled road, they will find the defendant not guilty."

The defendant was found guilty and fined ten dollars.

State v. Young.

*Wright*, for plaintiff in error.

I. The instruction given on the part of the State is erroneous; the second instruction asked by defendant should have been given. (6 Pet. 513.)

*Ewing*, (attorney general,) for the State, cited Wharton C. L. 806 ; Elkins v. State, 2 Humph. 544 ; Corn v. Belding, 13 Metc. 10 ; R. C. 1855, p. 1382.

Scott, Judge, delivered the opinion of the court.

It is not easy to see how this judgment can be reversed, as there is evidence in the record showing that the defendant obstructed with his fence both the old and the new road. No owner of land over which a road passes has any right to make any change in it but in the manner prescribed by law. Experience shows that the public generally suffers by such changes, and that they are made with an eye to the interest alone of the owner of the land. So far from the change here having been made by authority of law, it seems an attempt was made to effect it, but, for some cause not stated, it did not succeed. Suppose the land which was used as a new road had belonged to another than the defendant, could it have been pretended that the space of five or six years, during which it was used, was evidence of a dedication of the right of way? If it could not be, then the owner not having dedicated his land, he might have enclosed it, and thus the public would have been deprived of a road altogether. When use alone is relied on as evidence of a dedication of a right of way to the public, disconnected with any act of the owner showing an intention to dedicate, it must continue the length of time necessary to bar an action to recover the possession of the land. It would seem to follow that the same length of time would be necessary to raise a presumption of an abandonment by the public of a right of way. (Missouri Institute of the Blind v. How *et al.* 27 Mo. 211.)

There was no evidence, as appears from the record, from which there could arise any question as to the legality of the proceedings in opening the original road. The instruction therefore given for the State contained no error. The facts assumed in the instruction asked by the defendant did not constitute an abandonment of the established road, and therefore that instruction was properly refused.

Affirmed. The other judges concur.