THE STATE v. CULVER, APPELLANT.

**Roads:** NON-USER BY THE PUBLIC: ADVERSE POSSESSION BY AN OBSTRUCTER: LIMITATIONS: CRIMINAL LAW. The non-user, for a period of ten years, of a road which the public has acquired a right to use as a state road by virtue of legal proceedings had under an act of the legislature, does not amount to an abandonment of the easement, so as to authorize the owner of the fee to enclose it; nor does the fact that he has for a like period maintained a fence across it entitle him to the possession of the roadway. Notwithstanding such non-user or enclosure for that period he is liable to a criminal prosecution for obstructing the highway, if he maintains or continues to maintain a fence across the road.

*Appeal from Andrew Circuit Court*—HON. H. S. KELLY, Judge.

*William Heren* for appellant.

The non-user of an easement (a public road) will authorize the holder of the legal title to take possession of such easement far short of ten years. The easement is only to the use of the public so long as the public choose to use and enjoy it, and when the public cease to use it, and fail to keep it up as a road, the easement, by operation of law, reverts to the owner of the fee, and the public ought not to be permitted to prosecute him for fencing it up.

*J. L. Smith*, Attorney-General, for the State.

When the existence of a highway is once established, it continues to be such until it is clearly and unmistakably abandoned; a partial deviation is not an abandonment. *Town of Lewiston v. Proctor*, 27 Ill. 414; *State v. Young*, 27 Mo. 259; *State v. Boscawen*, 32 N. H. 331.

NORTON, J.—Defendant was indicted at the August term, 1874, of the Andrew circuit court, for obstructing a public road by building a fence across it so as to obstruct and injure the passage of the same. He was put upon his trial,

found guilty, and his fine assessed at $20. His motion for new trial having been overruled, he brings the cause here by appeal. The court gave, among others, the following instruction on the part of the State, to which defendant excepted, viz:

3rd. But if you find that the defendant, or those under whom he claims title to his land, fenced in or across the road, and kept and maintained such fence for the period of ten years successively, next before the finding of the indictment, or for any one period of ten years successively at any time before the finding of the indictment, claiming the right to use the land so fenced in fee and independently of said easement or road-way, then the defendant had a right to maintain his fence, or build another on the same ground, and to the same extent, and would not be guilty in so doing, under the law, of obstructing the highway or road.

The defendant asked the following declaration, which was refused, to which he excepted: Although the jury may believe from the evidence that the road in question on the lands of the defendant had been located by Fox, Hall & Bedford, as Commissioners appointed by an act of the legislature of this State, and that the county court of Andrew county caused the same to be opened as a public road; yet, if the jury further find from the evidence that said road was not kept up as a public road, and that the public ceased to use the same as a public road for ten years next before defendant fenced the same, then the public lost the easement therein, and defendant is not liable for fencing the same.

The action of the court in giving and refusing the above instructions is the error complained of. The record shows that the evidence tended to prove that the road, across which defendant erected his fence, had ceased to be used by the public, and had been abandoned for more than ten years as a public road before the erection of defendant's fence; that the road in question had been surveyed,

located and established under an act of the legislature approved March 14th, 1859, and that defendant, in 1873, built a fence across the same, on his own land, so as to obstruct the travel. When the road was located and established, in pursuance of the act of the legislature authorizing its establishment, the right of the public to use it as a road became vested. The easement thus acquired over the land upon which it was located could only be defeated either by a discontinuance or vacation of the road by the county court on proper proceedings instituted for that purpose, or by a repeal of the law creating it, or by non-user of the same as a road by the public for such length of time as in legal contemplation would amount to an abandonment of it. It is not pretended that the road had been vacated as the statute provides it might have been whenever it ceased to be of public use, nor is it pretended that the law establishing it had been repealed. If the public have lost their right to the use thereof, it has been by non-user; and this brings us directly to the question, will the non-user of a road, which the public have acquired a right to use as such for ten years, amount in law to such an abandonment of the easement as will justify the owner of land through which it passes, in fencing it up without subjecting himself to prosecution for obstructing a public highway. There can be no question but that defendant, as the owner of the land over which the road passed, retained the fee and all rights of property not inconsistent with the public use of it, and if the use of the highway in question had been abandoned or lost he would be entitled to his original unencumbered dominion over it. (Angel on Highways, 366.) But has it, in the case before us, been abandoned or lost? Under the views heretofore expressed by this court, we think it has not. In the case of the *State v. Young,* 27 Mo. 259, the defendant was indicted for obstructing a public road, and in disposing of the case Judge Scott observed, "that when use alone is relied upon as an evidence of a dedication of a right of way to the public, disconnected

with any act of the owner showing an intention to dedicate, it must continue the length of time necessary to bar an action to recover the possession of the land.  It would seem to follow that the same length of time would be necessary to raise a presumption of an abandonment by the public of a right of way."  In support of the proposition thus announced and as the foundation on which it rests the case of *Missouri Institute of the Blind v. How et al.*, 27 Mo. 211, was cited.  In the latter case it was held that when there was no evidence of a clear and unequivocal intention to dedicate a highway to public use, there must be an acquiescence by the owner for twenty years in the free use of the highway to authorize the presumption of an intention to dedicate land to public use.   The court, after remarking that there is some contrariety of opinion as to the length of time the owner must acquiesce in the use of his property by the public before it can be said he has made a dedication of it, quotes approvingly from 3 Kent Com. 451, the following :   "If there be no other evidence of a grant or dedication than the presumption arising from the fact of acquiescence on the part of the owner in the free use and enjoyment of the way as a public road, the period of twenty years, applicable to incorporeal rights, would be required as being the usual and analogous period of limitation." If, as is manifest from the above, in the absence of anything showing an intention to dedicate, an acquiescence for the period of twenty years by the owner in the use of a way, as a road, would be necessary to raise a presumption of dedication, it would seem to follow that when the public have acquired a right of way in a road, in this or any other manner, non-user of the right for the same period would be necessary to raise a presumption of an abandonment by the public of the right.   Under this view the court committed no error in refusing the instruction asked by defendant, and should not have given the instruction on the part of the State above quoted, especially so in view of sec. 7, 2 Wag. Stat. 917, which declares "that nothing con-

tained in any statute of limitations shall extend to any lands given, granted, sequestered or appropriated to any public, pious or charitable use, or to any lands belonging to this State." The error committed, however, in this respect, is not reversible error, inasmuch as it was an error in defendant's favor, of which he cannot complain. The evidence in this case seems to establish the fact that the road obstructed by defendant was of but little or no public utility. In such cases the statute makes ample provision for the discontinuance or vacation of such roads, and it is far safer, both for individuals and the public, that the methods prescribed by law for getting rid of useless roads should be pursued, than that an individual should determine the question both for himself and the public, and when he does undertake so to determine, he must take the risks and incur the penalties which any mistake he may make will bring.

The judgment, with the concurrence of the other judges, will be affirmed.

AFFIRMED.