STATE OF MISSOURI, Respondent, *v.* RICHARD GUERNSEY, Appellant.

### October 26, 1880.

1. In an information for malicious trespass, the premises need not be described with that certainty which will supersede proof of identity when the judgment is pleaded in bar.

2. In the absence of evidence of a grant or dedication, acquiescence of the owner in the use of the land for a public road for a period of fifteen years does not raise a presumption of an intention to dedicate for public use.

3. Where one wrongfully, intentionally, and wilfully trespasses upon another's property, it is immaterial that it was not done out of ill-will or express malice toward the owner.

APPEAL from the St. Louis Court of Criminal Correction, CADY, J.

*Affirmed.*

W. S. FIELD and C. F. REID, for the appellant.

M. W. HOGAN, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

This was a proceeding by information in the Court of Criminal Correction for a misdemeanor. It is provided by sect. 1358 of the Revised Statutes that "every person who shall wilfully and maliciously * * * pull down, injure, or destroy any gate, post, railing, or fence, or any part thereof, * * * being the property of another, or enclosing the land of another, in which such person has no interest, shall be deemed guilty of a misdemeanor." The information charged that defendant, "in the city of St. Louis, on February 29, 1880, unlawfully, wilfully, and maliciously did pull down, injure, and destroy a certain part of a certain fence of another, to wit, the property of one Reuben Kidder, which said fence enclosed the land known as numbers 1, 2, 3, 4, 5, and 6 in block 4, situate, lying, and being in said city of St. Louis, and being the property of said Kidder," etc. There was a trial by jury, and defendant was found guilty.

It is contended that the information was not sufficiently certain in the description of the property on which the trespass was committed. But it is not necessary to describe the premises in a proceeding of this nature as in forcible entry and detainer, where restitution of the premises is sought. In informations for malicious mischief, it has always been held sufficient to describe the premises as "a fishpond belonging to J. S.," etc., as will be seen by a reference to the precedents in Chitty. It is not the law, even

for the higher grade of offences, that the first indictment must be so distinct and minute as to constitute, without oral proof, a bar to a second. The identity of two accusations may be shown by parol. 1 Bishop's Cr. Prac., sect. 544; *Horan* v. *The State*, 24 Texas, 161. Such a degree of certainty as to entirely supersede proof of identity when the judgment is pleaded in bar, is not required in criminal proceedings. In this case there is sufficient certainty, considering the nature of the offence and the proof necessary to sustain the charge.

On the trial, defendant offered to prove by witnesses who had measured the land of the prosecuting witness, that the fence in question was not on the land of the prosecuting witness, but on a road that had been opened across the land described in the complaint, which road had been opened, used, and considered as a public highway for the preceding fifteen years, and that the part of the fence removed was that part which obstructed this road. This evidence was properly excluded. In the absence of any evidence tending to show a grant or dedication, acquiescence of the owner in the use of the land for a public road for a period not exceeding fifteen years does not authorize the presumption of an intention to dedicate to public use. *The State* v. *Culver*, 65 Mo. 607; *Stacey* v. *Miller*, 14 Mo. 478; *The State* v. *Young*, 27 Mo. 260; *Missouri Institute* v. *How*, 27 Mo. 216. Nor was the testimony of witnesses who had measured the land, at the request of defendant, competent to show the boundaries of the land of the prosecuting witness. Wag. Stats. 1308, sect. 11; *Houx* v. *Batteen*, 68 Mo. 89.

The offence was clearly proved. The defendant himself testified that, returning home at the date named in the information, he found his entrance-way to his house blocked up by this fence of the prosecuting witness; that in order to get to his house he removed the boards with a hatchet for two lengths, and thus opened a way to pass home, putting the boards and post which he removed, carefully to one

side, inside the enclosure, where they still remain. He says he did not know the prosecuting witness, and had no malice against him. It is contended by appellant that if he had no malice or ill-will against the prosecuting witness, but acted on a mistaken view of his rights, honestly supposing that the fence in question extended beyond the land of the prosecuting witness onto a public road, there can be no conviction. Instructions to the effect that though the jury believe from the evidence that the land on which was the fence torn down was the legal property of Kidder, the prosecuting witness, and he had a legal right to put it up, yet if they further believe that defendant tore the same down under a mistake of his legal rights, and not for the purpose of maliciously injuring the property of Kidder, they will find defendant not guilty, were asked and refused.

By a new section in the Code of Criminal Procedure in force at the time of the alleged offence (Rev. Stats., sect. 1376), it is provided that "it shall not be necessary to show, on the trial of any offence for malicious trespass or injury to property specified in art. 3 of the Code, that the offence was committed from malice conceived against the owner of the property, or against the animal or property injured; but if the act was wrongfully, intentionally, and wilfully done, it may be inferred that it was done maliciously." In view of this provision of the law applicable to this offence, we have no doubt that the instructions referred to above were properly refused. The fact that defendant had no malice against Kidder was immaterial. It is enough that there was sufficient evidence that he wrongfully, intentionally, and wilfully took down Kidder's fence, which was standing at the time on Kidder's land. He may have thought that he was not criminally liable if he believed at the time that the fence ran across a public highway; but the law-makers, foreseeing probably that this defence, if allowed in proceedings of this nature, would render the section now under consideration of little avail in cases of

trespass of this description, have expressly provided that one who wrongfully and wilfully goes upon the land of another and destroys his fence shall be criminally liable although he may be actuated by no ill-feeling against the person whose property he destroys, and may conceive, from a mistake in fact, that he is abating a nuisance upon a public or private way. In view of the fact that the accused is now permitted to testify in his own behalf, if the view of the law indicated by the instructions asked in this case by the appellant were correct, any one who conceived, on any grounds satisfactory to himself, that his neighbor's fence extended beyond his neighbor's line, might destroy it with impunity, so far as any criminal proceedings are concerned. Such, we think, is not the meaning of the statute.

The judgment is affirmed. All the judges concur.