ALBERT MUCKEL, Respondent, *v.* PETER ROSE, Appellant.

### April 29, 1884.

1. TRESPASS — JUSTICES — STATEMENT. — That a statement filed before a justice, in an action in the nature of trespass *quare clausum fregit*, merely locates the premises in the city of St. Louis, and fixes the date only by the month and year, does not necessarily render it insufficient.

2. —— DAMAGES — INSTRUCTIONS.— In such an action, an instruction as to actual damages is erroneous, where there is no evidence as to actual damages.

APPEAL from the St. Louis Circuit Court, ADAMS, J. *Reversed and remanded.*

T. J. ROWE, for the appellant: A statement of trespass *quare clausum* must describe the land with reasonable accuracy.— *Cook* v. *Callaway*, 1 Mo. 545; *Donohoe* v. *Chappell*, 4 Mo. 34; *Burt* v. *Waine*, 31 Mo. 296. Instructions not warranted by the evidence, are erroneous.— *Franz* v. *Hilterbrand*, 45 Mo. 121; *The State* v. *Newkirk*, 49 Mo. 85.

DAVIS & DAVIS, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This was an action in the nature of trespass *quare clau-*

*sum fregit,* commenced before a justice of the peace, on the
following statement of cause of action : —

" STATE OF MISSOURI, ⎰
" CITY OF ST. LOUIS, ⎱ *ss.*

" ALBERT MUCKEL,
⠀⠀⠀⠀⠀⠀*Plaintiff,*
⠀⠀⠀⠀*v.*
" PETER ROSE,
⠀⠀⠀⠀⠀⠀*Defendant.*

*Before Thomas Campbell,*
*Justice of the Peace,*
*14th District,*
*26th and 27th Wards.*

" Plaintiff for cause of action states that the defendant, on
or about the —— day of January, 1883, unlawfully and
maliciously came on to the plaintiff's premises in the city of
St. Louis and State of Missouri, where plaintiff was cutting
ice, and said defendant unlawfully and maliciously inter-
fered with plaintiff's work, injured plaintiff's business,
intimidated plaintiff's employés, and destroyed plaintiff's
tools to plaintiff's damages in the sum of $80, for which,
with costs, plaintiff asks judgment."

On trial anew in the circuit court the defendant objected
to the introduction of any evidence, on the ground that the
complaint did not state facts sufficient to constitute a cause
of action. This objection was overruled, and, the judgment
having gone for the plaintiff, this is the first question in the
case. The well settled rule is that the statement in a suit
commenced before a justice of the peace will be deemed suffi-
cient if it inform the defendant of the nature of the action
against him, and so identify the cause of action as to bar
another action for the same cause. It is contended that
this statement is insufficient, because it does not identify
the premises upon which the trespasses complained of are
alleged to have been committed ; and the cases of *Cook* v.
*Callaway* (1 Mo. 545), *Donohoe* v. *Chappell* (4 Mo. 34),
and *Burt* v. *Warne* (31 Mo. 296), are appealed to as sus-

taining this doctrine. In the first of these cases the petition was held insufficient, because it neither set out the land by metes and bounds, named it, nor showed, nor averred in any way that it was situated within the county, and hence within the jurisdiction of the justice. It was held that, for want of this averment, it did not appear that the justice had jurisdiction. In the second of these cases the statement was deficient in the same respect. It did not even show that the land was situated within the state of Missouri, and it was held that it was too defective to ground an action upon it; not for the reason stated in the preceding case of *Cook* v. *Callaway*, but because it did not apprise the defendant of what he had to answer.

The third of the above cases has no particular bearing upon the question before us. It merely states the general rule, and holds the statement before the court sufficient. The statement in this last case, though drawn in the form of an account between debtor and creditor, described the building and premises upon which the damage was alleged to have been committed, as being in block 84 in the city of St. Louis.

It is thus apparent that none of the foregoing cases furnishes a direct precedent for the solution of the question presented in this case. We think, on the whole, that the statement, though defective in the particulars named, should be regarded as sufficient. It is true that it does not locate the trespass more definitely than by the statement that the premises were in the city of St. Louis, nor does it state the exact date of the trespass, except that it was in the month of January, 1883; but it must be borne in mind that the sufficiency of a statement before a justice of the peace is not to be tested by the rules of pleading which govern causes in the superior courts of record; the policy of the law being to allow parties to litigate small controversies without going to the expense of employing counsel learned

in the law, and without incurring the delay of bringing their actions in courts presided over by judges learned in the law.

If the rules of pleading which apply in superior courts were applied in this case this policy would be, for the most part, defeated.   This statement locates the trespass with as much accuracy as it would be necessary to locate it in an information or indictment for an assault upon the person.   It does not lay the exact date, nor is this necessary in an indictment.   It does not lay the exact place other than the county or city which constitutes the venue ; and this is all that is required in an indictment.   In *The State* v. *Guernsey* (9 Mo. App. 312), this court held that in an information for malicious trespass the premises need not be described with that certainty which will supersede parol proof of identity when the judgment is pleaded in bar of another information or indictment.   It is true that in that case the information identified the block, and it would seem the lots upon which the fences were situated; and perhaps what was said in the opinion was not necessary to the decision.   But what was said was a recognition of a well settled principle in criminal pleadings ; and that principle is that it is not necessary, even in case of indictments for the higher grade of offences, that the first indictment should be so distinct and minute as to constitute without oral proof a bar to the second.   We certainly ought not to be more strict in requiring accuracy of averment in a statement before a justice of the peace than in an indictment for a crime in a superior court of record.

2. The record does not show that the plaintiff offered any evidence tending to show the amount of actual damage which he suffered by the trespass complained of.   The court instructed the jury that, if they should find the hypothetical state of facts which the plaintiff's evidence tended to show, they should render a verdict for the actual damages occa-

sioned to the plaintiff's property. As there was no evidence to show any actual damages, this instruction was erroneous. There may be cases of injuries to the person where, from the nature of the case, no accurate estimation of the damages suffered is possible; in which cases, the opinion of twelve men in a jury box is as good a standard as the nature of the case will admit of; and the law is accordingly content to let the jury return what is called " a round sum." But in cases like the present, where the gravamen of the injury is the destruction of property, some evidence of the value of the property destroyed must be given, or, at the very least, some description of it must be afforded by the evidence, in order to furnish any basis for an estimate of the actual damage suffered. But in this case there was not only no evidence of the value of the property alleged to have been destroyed, but the evidence afforded no description of the property from which any conjecture as to its value, or the extent of the injury, could be drawn.

The court gave instructions as to exemplary damages, and the propriety of these instructions is criticised. We are of opinion that the evidence furnished a basis for exemplary damages; but whether exemplary damages can be given in a case where no evidence is offered to prove actual damages, we will not now consider, because it is a question not raised or discussed by counsel.

For the error of giving the jury the instruction as to actual damages, in the absence of any evidence of such damages, the judgment is reversed and the cause remanded. All the judges concur.