# CASES DETERMINED

BY THE

# SUPREME COURT

OF

## THE STATE OF MISSOURI

AT THE

### APRIL TERM, 1885.

*( Continued from Volume 85.)*

THE STATE *ex rel.* MORRIS *et al.*, *Appellants*, v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY.

1. **Railroad : HIGHWAYS.** It is the duty of a railroad company, without a statutory requirement to that effect, to so construct its road as not to prevent the public from using its highways, and this duty is a continuing one.

2. **Mandamus.** Mandamus is an appropriate remedy to compel the restoration of a highway, by a railway, to its proper condition, and, in this respect, to require the company to perform its charter duties.

3. ———— : **RELATORS : PRIVATE CITIZENS.** It is sufficient for the relators in such proceeding to show that they are citizens and thus interested in the performance of a public duty.

4. **Railroad : HIGHWAY, OBSTRUCTION OF.** In a mandamus proceeding to compel a railway company to so construct its road as not to prevent the public from using a specified part of a highway, it is no defence that the track had formerly been placed in the highway by another railway company. Such fact is no justification of the continuance of the obstruction of the highway by defendant to the entire exclusion of the public.

*Appeal from Clay Circuit Court.*—HON. G. W. DUNN, Judge.

(13)

REVERSED.

*Samuel Hardwicke* and *Simrall & Sandusky* for appellants.

(1) Mandamus is an appropriate remedy to compel the respondent to comply with the law and with the charter of the Kansas City, Galveston & Lake Superior Railroad Company, in relation to public highways, under which the respondent's railroad was constructed. *State v. Northeastern Ry. Co.*, 9 Rich. (S. C.) 247; *The People ex rel., etc., v. Troy & Boston Ry. Co.*, 37 How. Pr. 427; High's Ex. L. Rem., secs. 319, 329, p. 226, and secs. 276-7, p. 199 (1 Ed.); *Indianapolis & Cincinnati Ry. Co. v. The State*, 37 Ind. 489; *The People ex rel., etc., v. C. & A. Ry. Co.*, 67 Ill. 118; *Inhabitants of Cambridge et al. v. Charlestown Pr. Ry. Co.*, 7 Metc. (Mass.) 70. (2) In the absence of express charter provisions to the contrary, every railway company is under obligation by the common law to restore every highway that it touches to its former usefulness, or to substitute a new one. *The People ex rel., etc., v. C. & A. Ry. Co.*, 67 Ill. 118. It was respondent's duty, both by common law and by charter, not to obstruct the highway in controversy. (3) Where the public are interested, any private person may move for a mandamus. High's Ext. L. Rem., secs. 431, 434, p. 304; *Union Pacific Ry. Co. v. Hall et al.*, 1 Otto, 355; *The People ex rel. Case et al. v. Collins et al.*, 19 Wend. 56. (4) The obligations of a railway company to restore a highway to its original condition remains constant until performed, and the alteration in the *interim* a continuing nuisance; the statute of limitation is not applicable. *Hamden v. New Haven & Conn., etc., Ry. Co.*, 27 Conn. 158; *Welcome v. Leeds*, 51 Me. 313; *State, etc., v. Railroad*, 29 Conn. 538. (5) The same duty devolves upon any successor. *People, etc., v. Railroad,*

67 Ill. 118.    And the old highway continues until a new one is substituted.    *Barber v. Essex*, 27 Vt. 62. (6) There was nothing in the case showing acquiescence on the part of the public.

*Geo. W. Easley* for respondent.

BLACK, J.—The relators, judges of the county court of Clay county, and the road overseers, sued out an alternative writ of mandamus, requiring the respondent to so construct its road, where it passes along a specified portion of a public highway, as not to prevent the public from using the highway, or show cause, etc.    Upon a trial of the cause, upon an agreed statement of facts, the peremptory writ was denied.    Respondent has failed to file any abstract or brief, and we shall look to appellant's abstract as a full and true statement of the case.

The Kansas City, Galveston & Lake Superior Railroad Company was created under a special act passed in 1857 ; subsequently, its name was changed to the Kansas City & Cameron Railroad Company ; and, still later, that corporation was consolidated with the respondent, The Hannibal & St. Joseph Railroad Company.    In 1848, the county court of Clay county established a public highway through a part of that county, and along the foot of the Randolph Bluffs, upon a narrow space of level land.    From thenceforward this road was used as a public thoroughfare.    Long subsequent thereto the railroad company procured a right of way from the owners of the land, and, in 1867, the railroad constructed its road close to the river, using for that purpose a part of the public road.    This rendered the public road more or less unsafe, but it was still continuously and largely used as a public road until 1879.    In that year the St. Louis, Kansas City & Northern Railroad Company, claiming a track under certain proceedings to condemn a part of the

right of way of respondent, removed the road of the Hannibal & St. Joseph Railroad Company, and placed it in the public road, at the same time placing its own road where the Hannibal & St. Joe road-bed was formerly located. The latter company has continued to use its road thus re-located ever since. By reason of all this, the public road was wholly obstructed, and this obstruction has been continued from that time to the filing of this suit. It appears the respondent endeavored to restrain the St. Louis, Kansas City & Northern Railroad Company from thus moving its road, but did not succeed in so doing.

The eleventh section of the charter of the Kansas City, Galveston & Lake Superior Railroad Company provides: "Said company may build said road along or across any state or county road * * * but wherever said railroad shall cross any state or county road, said company shall keep good and sufficient cross-ways, or adequate facilities for crossing the same; and said railroad shall not be so constructed as to prevent the public from using any street, road or highway along or across which it may pass." This statute is clear and explicit. The duty to so construct the railroad as not to prevent the public from using the highway is a continuing one. This duty to so construct the road would be so without the statute. Nothing but express statute will relieve the company from the duty of restoring the public road, which it crosses, to its former usefulness. *People v. C. & A. Ry. Co.*, 67 Ill. 118.

Mandamus is an appropriate and proper remedy to compel the restoration of a highway to its former state, and, in this respect, to require the corporation to perform its charter duties. High on Ex. Legal Rem., sec. 320; 2 Rorer on Railroads, 934. The question here is one of public right, and the better opinion is that it is sufficient for the relators in such cases to show that they are citizens, and thus interested in the performance of a

public duty. It was not necessary that the proceedings should be presented by a law officer of the state. It was eminently proper for these relators to institute this proceeding, though they do so in their private and not official capacity. *Union Pac. Ry. Co. v. Hall et al.*, 91 U. S. 343; High on Ex. Legal Rem., sec. 431. These principles of law appear to be incorporated in the instructions given by the court, but it would seem the writ was denied on the ground that the remedy had been lost from acquiescence of the public, and on the further ground that the respondent was not responsible for the obstruction. There is nothing to show that the public have acquiesced in this wrongful use of the road. It is true the railroad was placed partly in the public road and so used up to 1879, but the travel thereon was not obstructed. It was open and used as a public road all the while. It is not for this use the complaint is made, but it is made because of the total obstruction in 1879, and the continuance thereof ever since that date. As to this we do not find an element of acquiescence in the agreed facts. The public was, simply, without authority of law, so far as this record shows, ousted of the entire use of the road, with no effort on the part of either company to provide another road way. There was no abandonment of the road. *State v. Culver*, 65 Mo. 607.

We do not see how the act of the St. Louis, Kansas City & Northern Railroad Company, in taking up the road-bed of the respondent and placing it in the public road can justify the latter in letting it remain there, and continuing the use thereof, so as to entirely obstruct the travel. It may be that this act of the St. Louis, Kansas City & Northern Railroad Company was in disregard of respondent's rights, but that cannot justify the continuance and use of the obstruction to the entire exclusion of the public. What the rights were, or are, as between

these two companies, we are not at liberty to consider here, on this record. The relators are not responsible for the result of the litigation between them.

On the agreed facts there should have been awarded a peremptory writ.

The judgment is reversed and the cause remanded, with instructions to the circuit court to issue a peremptory writ. Ray, J., dissents. The other judges concur.