STATE OF MISSOURI, Respondent, v. SARAH SCHAEFER, Appellant.

St. Louis Court of Appeals, February 13, 1894.

1. **Criminal Law:** DESTRUCTION OF FENCE: CRIMINAL INTENT. The evidence in this cause, which was a prosecution under section 3593 the Revised Statutes, is considered, and is held sufficient to warrant the finding of a criminal intent on the part of the defendant in breaking down a fence, which had been erected between his land and an adjoining tract by the owner of the latter.

2. ——: ——: INFORMATION. It is sufficient in an information for the violation of that section to aver that the defendant willfully, wantonly and without right, broke, injured and took away the fence: express malice need not be averred.

3. ——: NEW TRIAL: NEWLY DISCOVERED EVIDENCE. To warrant a new trial on account of newly discovered evidence, it must appear that the evidence relied upon would likely change the result on a retrial of the cause; accordingly the evidence must be set forth by affidavit with great particularity, in order that the court may judge of its materiality and weight. And *held* that the affidavits in this cause did not comply with this rule.

State v. Schaefer.

*Appeal from the St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*Carlisle and Ottofy* for appellant.

(1)There is no evidence of criminal intent in this case; and there cannot be a conviction without it. *State v. Obershaw*, 11 Mo. App. 67; *State v. Kempf*, 11 Mo. App. 33; *State v. Zinn*, 26 Mo. App. 37. In criminal cases the question is not as to the effect of the act done, but as to the *animus* which prompted its commission. *State v. Pitts*, 58 Mo. 558. (2) The instruction offered by the defendant and refused should have been given. The court's instruction number 4 is not the law. The fence being partly on defendant's lands, she had a right to take it down, it not being shown to be a statutory division fence. *Jeffries v. Burgis*, 57 Mo. 327; *Sims v. Field*, 74 Mo. 141; 24 Mo. App. 564. Under section 3593 of Revised Statutes of 1889, the testimony must clearly show that the fence in question belonged to and inclosed lands not defendant's; on the contrary the testimony here shows that it did inclose defendant's land. *State v. Coy*, 47 Mo App. 187. (3) The information is insufficient, fatally defective and does not constitute an offense under the law. Malice must be alleged. Revised Statutes, 1889, sec. 3592; *State v. Balson*, 31 Mo. 344. Although actual malice need not be proved, yet it must be shown that the act was done wrongfully, intentionally and willfully. Revised Statutes, 1889, sec. 3592; *State v. Guernsey*, 9 Mo. App. 313. (4) The newly discovered evidence warrants the granting of a new trial. It is shown that the evidence came to counsel's knowledge since the trial; that it was not owing to want of diligence that it was not discovered sooner; that it is material, and would prob-

ably produce a different result; and that it is not cumu-
lative.   The affidavits of the witnesses are produced.
*State v. Ray*, 53 Mo. 345; *State v. Smith*, 65 Mo. 313.
*State v. Schumacher*, 12 Mo. App. 569.

*R. Lee Mudd* for respondent.

(1) A criminal intent is not necessary when the
act committed is *per se* a violation of a criminal stat-
ute. *State v. Guernsey*, 9 Mo. App. 312; 2 Wharton's
Criminal Law [8 Ed.], secs. 1074, 1077; 2 Russell on
Crimes [7 Am. Ed.], 57.   (2) The indictment was suffi-
cient.   It was drawn under section 3593 of the Revised
Statutes.   (3) The claim based on newly discovered
evidence is out of time.   It is inherently at war with the
effect of her own testimony on the stand, and cer-
tainly such evidence, being readily accessible to her
before the trial, was in nowise ground for new trial.
*Maxwell v. Railroad*, 85 Mo. 95; *Cook v. Railroad*, 56
Mo. 380; *Freeburg Coal Co. v. Transportation Co.*, 10
Mo. App. 579.

BIGGS, J.—Section 3593 of the Revised Statutes of
1889 provides, among other things, that "every person
who shall   *   *   *   wantonly and without right,
break or cut down, injure, take or carry away any
portion of a fence   *   *   *   belonging to and inclos-
ing lands not his own,   *   *   *   shall be deemed guilty
of a misdemeanor."

The defendant was indicted, tried and convicted
under this section.   On this appeal, she claims, *first*,
that the charge is not sustained by the evidence; *second*,
that the court erred as to the instructions; *third*, that
the information is fatally defective; and *fourth*, that
the court should have granted a new trial on account of
newly discovered evidence.

The defendant and one Klingler own adjoining

lots. The evidence for the prosecution tended to prove the following facts: Prior to the fall of 1891, there had been a fence on what was supposed to be the dividing line between the two properties, but it had been allowed to decay. At the time above mentioned, Klingler commenced to construct a new fence on the line of the old one, and in the spring of 1892 he completed it. A few days afterwards, the defendant, with the assistance of her son, removed the entire fence, and in doing so she broke up the boards to a considerable extent. There was also some evidence to the effect that an old survey showed the fence to be on the dividing line of the lots.

For the defense, the evidence tended to prove that, at the time the fence was put up, the defendant informed the agent of Klingler that he was building the fence on her land, and that he answered that, if this was found to be true, she was at liberty to remove it; that afterwards the defendant had the line surveyed, and that at one end, and for a distance of one hundred feet, the line of the fence extended over on her land about three inches, and that the remainder of the fence was on the line. The defendant denied that she broke or injured the planks in any manner. The agent of Klingler denied that he gave to the defendant permission to remove the fence, if it was ascertained to be on her land.

It is insisted, first, that there is no evidence of a criminal intent. Under all the evidence, and under a view of the law most favorable to the defendant, her act in removing the *èntire* fence was "without right." According to the evidence of the prosecution, the defendant broke and unnecessarily injured a great many of the planks, which, if true, tended to show a wanton and malicious destruction of Klingler's property. From these facts, a criminal intent would be presumed,

which would clearly show a violation of the statute. The case of *State v. Zinn*, 26 Mo. App. 17, is essentially different as to its facts. There Zinn trimmed a hedge in the usual way and at the proper time, believing that it was on his land. There was nothing to indicate any purpose on his part to engage in a wanton destruction of property.

The defendant complains of the following instruction: "If the jury believe and find from the evidence that the fence in question was built on the division line between the lots of Schaefer and Klingler, and that part of said fence was on Schaefer's lot, and you further believe that said fence was put at the same place at which the former fence stood, and was not wholly built upon the lot of Mr. and Mrs. Schaefer, then the defendant had no lawful right to remove or take down said fence or to destroy or injure any boards used in the construction of the same."

The objection urged against the instruction is, that it assumes that the fence in question was a *statutory* division fence, when there was no evidence to show that fact. The instruction says nothing about a statutory fence. The jury were merely told that if the fence was built on the *division line*, then the defendant had no right to remove it.

The next assignment of error pertains to the sufficiency of the information. It is claimed that the information should have expressly averred that the act was done maliciously. The charge, as made, is that the defendant willfully, wantonly and without right, broke, injured, and took away the fence. This is the language of the statute and it is all that is required. Express malice need not be averred or shown. If an act prohibited by the statute is done willfully, wantonly and without legal right, and by wantonly is meant a careless indifference to mischief, it amounts to a

violation of the statute. Kelley's Criminal Law, section 766.

It is claimed by the defendant's counsel that, after the trial, they learned for the first time that the defendant was probably insane at the time of the alleged commission of the trespass, and that previous to the trial they had no reason to suspect it. This was urged as a ground for new trial. In support, the affidavits of John A. Sohms and Anna Sohms were filed. The affiants claimed that they were well acquainted with the defendant before, and since, the commission of the trespass, and that they saw her tearing down the fence. Concerning the condition of her mind they said: "It is the opinion of affiants, from their observation of her actions, conduct, manner, speech and general behavior at the time of, and on occasions prior to, said acts, and since, that said Sarah Schaefer was, at the time of the commission of said act, temporarily insane and irresponsible for her acts."

To authorize the granting of a new trial on account of newly discovered evidence, one of the important requisites is, that it must be made to appear that the evidence relied on would likely produce a different result on another trial. Hence it is necessary for the affidavits to set forth the evidence with great particularity, in order that the court may judge of its materiality and weight. Now, putting aside the question of diligence in this case, the matters stated in the affidavits are insufficient, in that the particular acts and conduct of the defendant, upon which the affiants relied as a basis for their opinions, were not set forth. Nonexperts may give their opinions of the sanity or insanity of a person, but such opinions, to be of any value, must be accompanied by a statement of the acts and conduct of the person whose sanity is under investigation. *State v. Klingler*, 46 Mo. 224; *State v. Erb*, 74 Mo. 199.

Then, how could the trial court say that the testimony of Mr. and Mrs. Sohms, if delivered on another trial, would probably produce a different result, when it was impossible to determine what weight, if any, ought to be attached to it.    We think that the action of the court in the premises was right.

Finding no error in the record, the judgment must be affirmed.    All the judges concur.