STATE OF MISSOURI, Respondent, v. WILLIAM BOONE *et al.*, Appellants.

St. Louis Court of Appeals, April 17, 1894.

Criminal Law: WILLFUL OR WANTON DESTRUCTION OF FENCES. To warrant a conviction under section 3593 of the Revised Statutes for the willful or wanton destruction of a fence, it is necessary that the fence should both inclose and belong to land of some person other than the defendant. It is therefore a good defense, that the fence was built upon the land of a third person without his consent, and that the defendant acted at his direction while committing the alleged offense.

*Appeal from the Clark Circuit Court.*—HON. BEN. E. TURNER, Judge.

REVERSED AND REMANDED.

*W. L. Berkheimer* and *Charles Lewellyn* for appellants.

The state must show that the prosecuting witness was the owner of the fence.. R. S. 1889, sec. 3592; *State v. Guernsey*, 9 Mo. App. 312.

*J. A. Whiteside*, Prosecuting Attorney, and *T. L. Montgomery* for respondent.

ROMBAUER, P. J.—The two defendants are sons of William Boone, Sr. Between the latter and one Samuel Bowden, the prosecuting witness, whose land was adjoining Boone's, a controversy arose touching the true boundary line dividing their lands. Bowden had erected a fence of post and wire on the line, which he

claimed represented the true boundary. This fence ran through timber land, and Boone hearing of its erection sent the defendants, his two sons, to cut some trees standing on both sides of the fence. These trees were cut by the two defendants so as to make them fall upon the fence and destroy part of it. Thereupon, upon the complaint of Bowden, the prosecuting attorney filed the following information against the two defendants:

"The State of Missouri, Plaintiff,
$v.$
"William Boone and Berry Boone, Defendants.

"John A. Whiteside, prosecuting attorney within and for Clark county, Missouri, on his oath of office, basing his information on the affidavit of Samuel Bowden, heretofore filed, informs the court that William Boone and Berry Boone on or about the ninth day of February, 1893, at the county of Clark in the state of Missouri, did unlawfully, willfully and maliciously break down, injure and destroy about twenty rods of post and wire fence, then and there being the property of Samuel Bowden and inclosing the premises and lands of said Samuel Bowden there situate, and in which said fence the said William Boone and Berry Boone then and there had no interest, contrary to the form of the statute in such cases provided, and against the peace and dignity of the state.

"J. A. Whiteside, Prosecuting Attorney."

The defendants were tried upon this information, and found guilty before the justice of the peace and in the circuit court. They prosecute this appeal; and complain that the court ruled out relevant evidence which they offered; that the evidence was insufficient to warrant their conviction, and that the court misdirected the jury in its instructions.

Section 3593 of the Revised Statutes of 1889 pro-

vides, among other things, that any person who shall willfully and maliciously *or* wantonly and without right break any portion of a fence, belonging to and inclosing lands not his own, shall be guilty of a misdemeanor. It will be thus seen that, to constitute an offense under this section, it is essential that the trespass be committed by the defendant willfully and maliciously, *or* wantonly and without right, and also that the fence should belong to *and* inclose lands not his own. As the statute is highly penal, both these elements must concur to create the statutory offense. Upon the trial of the cause the defendants offered to show that the fence was erected by Bowden on Boone's land, and also what Boone, Sr., told Bowden at the time the latter erected the fence, or as soon thereafter as the erection of the fence came to his (Boone's) knowledge. This evidence was excluded by the court, and the defendants excepted, and still except. We think the exclusion of this evidence was error.

If the fence had been erected by Bowden with a view of inclosing his own land and with the consent of Boone (of which last fact there is no evidence in the record), then the fence, even though erected on Boone's land, would have been personal property belonging to Bowden under the law as repeatedly decided in this state. *Hines v. Ament*, 43 Mo. 298; *Lowenburg v. Bernd*, 47 Mo. 297. But, even in that case, the fence would not have belonged to the land of Bowden. The terms of the statute are in the conjunctive, the fence injured must both belong to the land and serve to inclose the land of some other person than the alleged trespasser. As this is a highly penal statute, there is no room for frittering away any of its provisions in the interest of public peace.

In *State v. Schaefer*, 56 Mo. App. 496, part of the fence destroyed stood admittedly upon the ground

of the prosecuting witness, and served to inclose his land. In the case at bar the evidence offered tended to show that the entire fence was two rods east of the prosecuting witness' eastern line, and stood wholly on the lands of Boone.

The defendents gave evidence tending to show that the timber, which they cut, was sold to them by their father; that he went with them and pointed out to them the boundary of his land; that they cut the timber within these boundaries, and did not cut any of the trees on purpose, so as to make them fall on the fence.

The court of its own motion gave the following instruction:

"If the evidence shows that the fence was built by one Samuel Bowden for the purpose of an inclosure of his own lands and the same was in use for that purpose, then in such case defendants had no such interest in the fence as would justify them in breaking down said fence, if the evidence shows they did break it down; and in such case it would be no defense that said fence may have stood on the land of William Boone, the father of the defendants."

And the court refused to give the following instruction asked by the defendants:

"The court instructs the jury that, if they shall find from the evidence in the cause that Samuel Bowden built the fence in evidence as a permanent fence for the purpose of enclosing his land, and by mistake built the same on the lands of one William Boone without the license or consent of said Boone, and that said Boone was the owner of said lands upon which said fence was built, then the court instructs the jury that said fence became a fixture on said lands, and passed with the same and was at the time the fence of said William Boone; and in such case the jury will find for the defendants, although the jury may find that said fence

was broken down and destroyed by the defendants."

These rulings of the court are likewise erroneous. As above seen, a fence built upon the lands of another with his consent is, under the decisions in this state, personal property, and removable by the builder when the license is revoked. Even then, however, it would not be part of the realty. If built without consent of the owner, the fence becomes part of the realty on which it is erected, and is not removable by the builder. *Climer v. Wallace*, 28 Mo. 556. The statute is not leveled against one who destroys his own property. It contemplates a trespass to real estate by stating that the fence must belong to the land and inclose it. There is nothing in *State v. Guernsey*, 9 Mo. App. 312, which militates against that position.

The judgment is reversed, and the cause remanded. All the judges concur.