THE STATE v. WELLS, *Appellant.*

1.  **Public Roads**: TITLE BY USER.   Ten years adverse occupancy and use of a road by the public, acquiesced in by the owner, will vest in the public an easement in the road and cause it to become a highway.

2.  ———: DISCONTINUANCE BY COUNTY COURT.   The county court can discontinue or vacate a public road only after a proper proceeding had in the manner pointed out by the statute.   It cannot by its mere order or by instructions to the road overseer divest the rights of the public, whether they were acquired by dedication or by adverse possession.

3.  ———: OBSTRUCTION: SCIENTER.   It is no defense to a prosecution for obstructing a public highway, that the defendant did not know that the highway was legally established.

*Appeal from Jackson Criminal Court.*—HON. H. P. WHITE, Judge.

AFFIRMED.

*Kagy & Rucker* for appellant.

1.  If a road was established at all, it must have been done by the county court, and under the statute in force at the time. R. S. 1855, p. 1390, § 15. The action of the court should appear of record. R. S. 1855, p. 536, § 23; *Medlin v. Platte Co.*, 8 Mo. 235; *Milan v. Pemberton*, 12 Mo. 599. There being no proof that any such record had been made and lost, parol evidence of the existence of the road was inadmissible. *Parry v. Walser*, 57 Mo. 169; *Foulk v. Colburn*, 48 Mo. 225.

2.  A road may be established, we admit, by prescription, but there is no evidence of that in this case, and no evidence of such a dedication and acceptance as the law requires. *Mo. Institute v. How*, 27 Mo. 211; *State v. Young*, 27 Mo. 259; *State v. Culver*, 65 Mo. 607. Nor is there any evidence that defendant knew that the road was used and acquiesced in it. Notice is necessary. *Daniels v. R. R. Co.*, 35 Iowa 129; *Warner v. Jacksonville*, 15 Ill. 237; *Watt v. Trapp*, 2 Rich. 136; *Harding v. Jasper*, 14 Cal. 642; *Hutto v. Tindall*, 6 Rich. 396; *Hogg v. Gill*, 1 McMull. 329; *Scott v. State*, 1 Sneed 629; *Hewins v. Smith*, 11 Met. 241; *Gibson v. Durham*, 3 Rich. 85; *Stacey v. Miller*, 14 Mo. 478; *State v. K. C., St. Jo. & C. B. R. R. Co.*, 45 Iowa 139.

3.  The maxim *ignorantia facti excusat* has direct application here. It nowhere appears in the evidence that the defendant had any knowledge of the existence of a legally established road. *Regina v. Langford*, Car. & Marsh. 602, 605; *Goforth v. State*, 8 Humph. 37.

*J. L. Smith*, Attorney-General, for the State.

No deed or express grant is necessary to a dedication of land to public use. It may be proved by any evidence which shows the intention of the owner of the land to make such dedication. *Rutherford v. Taylor*, 38 Mo. 315. Long use by the public, without objection on the part of the owner, is of itself evidence of a dedication. *Cincinnati v. White*, 6 Peters 431; *Carlin v. Paul*, 11 Mo. 32; *Gam-*

*ble v. St. Louis*, 12 Mo. 618; *Onstott v. Murray*, 22 Iowa 457. If the public, with the knowledge of the owner, has claimed and continuously exercised the right of using land for a public highway, for a period equal to that fixed by the statute for bringing actions of ejectment, their right to the highway as against such owner is complete. *State v. Young*, 27 Mo. 259; *State v. Culver*, 65 Mo. 607; *State v. Walters*, 69 Mo. 463.

SHERWOOD, C. J.—The defendant was indicted for obstructing a public road, and convicted.

Even if we concede that twenty years use of a road by the public, is necessary to confer an easement, the testimony is ample for that purpose, one of the witnesses testifying that there had been a road on the land now owned by defendant for twenty years. And another witness testified that he had known the road in question as a road for about thirty-seven years, and that it had been worked. It is true this witness also stated that the road had been "changed in some places," but this we regard as unimportant, for the reason that no such change appears to have occurred in the road where it runs through defendant's land, nor that such change took place within twenty years before the indictment was found. The subject now being considered has been recently and extensively discussed in the *State v. Culver*, 65 Mo. 607, and in the *State v. Walters*, 69 Mo. 463. In the latter case the doctrine is maintained that "the public may acquire the right to the use of a road or easement on the land of another, when such road has been established in accordance with statutory enactments, on land condemned for that purpose, or when the owner of the land has by some unequivocal act made a dedication of it to the public, or from long use of a road as such by the public, acquiesced in by the owner, and adverse occupancy and use of the same for a period of time equal to that prescribed by the statute of limitation for bringing actions of ejectment." So that ten years adverse

1. PUBLIC ROADS: title by user.

occupancy and use of a road by the public would be suffi-
cient, if acquiesced in by the owner, to vest in the public
an easement in the road and cause it to become a highway.

If there had been such a dedication or adverse posses-
sion of the road as above contemplated, it was altogether
immaterial that the county court refused to
relocate the road, for the reason that "it had
no knowledge of the establishment of the road sought to
be changed." Nor was it of any consequence that the
county court instructed the road overseer not to do any-
thing to recognize the road as a public road, because it was
not such a road. The vested rights of the public, if any
had been acquired, could not be divested by the failure of
the county court to give recognition to the road as a pub-
lic one. The county court, upon proper proceedings had,
may discontinue or vacate a road, but this can only be ac-
complished in the method the statute designates.

It makes not the slightest difference in this case
whether the defendant had any knowledge of the fact that
the road was legally established or not. The
offense with which he was charged is a mis-
demeanor, and in that class of offenses, the intent which
prompts the act, possesses no significance. *Howell v. Stew-
art*, 54 Mo. 400. The judgment is affirmed. All concur.

