## The State v. Proctor, *Appellant.*

1. **Criminal Law**: REPEAL OF STATUTE CREATING OFFENCE. An offence committed while the statute creating it is in force, is not affected by the repeal of such statute, but may be tried and punished, in all respects, as if the statute had remained in full force.

2. **Public Road, Obstruction of**: DEDICATION: INDICTMENT. Where the owner of land, in fencing it, left a strip for the purpose of a public road, which was, for more than ten years continuously, claimed, used, traveled, worked, and repaired as a public road, with the knowledge and acquiescence of the owner and occupant

of the land, such road became a public road, for the wilful obstruction of which the obstructor could be proceeded against by indictment.

*Appeal from Monroe Circuit Court.* — HON. THEO. BRACE, Judge.

AFFIRMED.

*Bristow & Lighter* for appellant.

The objection to the introduction of evidence made by the defendant, ought to have been sustained, inasmuch as the defendant was indicted for obstructons to a public road, in April, 1883, under the law as it stood in the revision of 1879. This law was repealed in 1883. See Session Acts, 1883, p. 170, sec. 60. A pending prosecution upon a bill of indictment falls with a repeal of the law, the latter having no saving clause as respects penalties incurred for past offences. *United States v. Hague* (Dist. Ct. W. D. Pa.), 22 Fed. Rep. 706; *United States v. Tynen,* 11 Wall. 88; *Abbott v. Commonwealth,* 8 Watts (Pa.) 517; *Genkinger v. Commonwealth,* 32 Pa. St. 99. (2) The demurrer to the evidence in chief on the part of the state should have been sustained. Laws, 1883, sec. 33, p. 165. There is no pretense that the part of the road obstructed by defendant was ever established by the order of the county court, and no evidence was offered by the state in anywise tending to establish that fact. *State v. Ramsey,* 76 Mo. 398. (3) The county court having legally established a public road on the section line, that road remained the public road until legally altered, annulled or changed by the order of the court, and Bush had no right, by building his fence, to change that road. *State v. Young,* 27 Mo. 260. The public, having a road legally established, could not acquire another road running parallel with the established road, and adjacent to it, by pre-

scription; and a public road cannot be acquired by prescription in a less period than twenty years, certainly, under such circumstances. *Missouri Institute for Education of Blind v. How*, 27 Mo. 216; *State v. Culan*, 65 Mo. 610, and numerous other cases; 3 Kent's Com. 451. There must be a plain intent to dedicate and an acceptance by the public. *Missouri Institute v. How*, *supra; Becker v. St. Charles*, 37 Mo. 13. And if the owner (Bush was then owner) seeks to gain advantage thereby, he will be held to strict proof of dedication. *Rector v. Hart*, 8 Mo. 443.

*B. G. Boone*, Attorney General, *Emmet Philips* and *M. A. Fyke* for the state.

Under the decisions of the Supreme Court in *State v. Ramsey*, 76 Mo. 398, and *State v. Wells*, 70 Mo. 635, the judgment ought to be affirmed.

NORTON, J.—Defendant was tried in the circuit court of Monroe county and convicted and fined twenty dollars under an indictment charging him with obstructing a public road in said county. From this judgment he has appealed, and insists by his counsel that, inasmuch as defendant was indicted in April, 1883, under the law as it stood in the revision of 1879, and inasmuch as the law of 1879 was repealed by an act of the legislature in 1883 (Acts of 1883, p. 170, sec. 60), having no saving clause as respects penalties for past offences, that for that reason the court erred in overruling his objection to the introduction of any evidence under the indictment. The point thus made is fully answered by section 3151, Revised Statutes, which is as follows: "No offence committed, and no fine, penalty or forfeiture incurred, previous to the time when any statutory provision shall be repealed, shall be affected by such repeal; but the trial and punishment of all such offences,

and the recovery of such fines, penalties, and forfeitures, shall be had in all respects as if the provision had; remained in full force."

The court, by its instructions given on behalf of the state, tried the case on the theory that if the owner of a tract of land, in fencing it up, leave a strip of land for the purpose of a public road, and that said strip so left had for more than ten years been continuously claimed, used, traveled, worked, and repaired, as a public road, with the knowledge and acquiescence of the owner and occupant of said land, then such road was a public road, for the wilful obstruction of which the obstructor could be proceeded against by indictment. The court was fully warranted in giving instructions embracing this theory of the case by the rulings of this court in the cases of *State v. Walters*, 69 Mo. 463, and *State v. Wells*, 70 Mo. 635. As the instructions asked by defendant presented a theory in direct opposition to that embraced in the instructions given for the state, they were properly refused.

Judgment affirmed, in which all concur.

