CITY OF MEXICO, Appellant, v. EUGENE E. JONES, Respondent.

Kansas City Court of Appeals, November 7, 1887.

ALLEY—DEDICATION—USER—CASE ADJUDGED.—The court considers that the evidence in this case does not show a dedication (of the alley) by the owner. Nor does it show a use of the alley by the public, as a highway, with the acquiescence of the owner for a sufficient length of time to make it a public way by user. And holds that, as the whole testimony shows that if a verdict had been rendered for plaintiff, it would not be allowed to stand, the trial court did right in sustaining a demurrer to the evidence, and in taking the case from the jury.

APPEAL from Audrain Circuit Court, HON. ELIJAH ROBINSON, Judge.

*Affirmed.*

The case is stated in the opinion.

F. C. BRYAN, for the appellant.

I. The only question before the court is, whether the evidence introduced by plaintiff entitled it to have its case submitted to the jury. If the plaintiff's evidence has no tendency, whatever, to prove the facts necessary to recovery, the court may take the case from the jury. *Boland v. Railroad*, 36 Mo. 484. But if there is any evidence, however slight it may be, and whether direct or inferential, it must go to the jury, who are exclusive judges of its weight and sufficiency. *Emerson v. Sturgeon*, 18 Mo. 170; *Rippey v. Friede*, 26 Mo. 523; *McFarland v. Bellows*, 49 Mo. 311; *Williamson v. Fisher*, 50 Mo. 198; *Wilson v. Board of Education*, 63 Mo. 137; *Grant v. Railroad*, 25 Mo. App. 227.

II. A demurrer to the evidence admits every fact which any of the evidence tends to prove, and also every fact that the jurors may, with propriety, infer from the evidence before them. It should be allowed only when the evidence thus considered wholly fails to make proof of some essential averment. *Noeninger v. Vogt*, 88 Mo. 589.

III. The fact that the court sat as a jury on the trial of the cause, does not take the case out of the rule laid down in the preceding points of this brief; for if we admit that the evidence of the plaintiff was not strong, yet if it had been in nowise contradicted by defendant's testimony, plaintiff would be entitled to a verdict.

PINDALL & KENNAN, for the respondent.

I. The evidence was not sufficient to show a dedication. *Landis v. Hamilton*, 77 Mo. 554; *Brinck v. Collier*, 56 Mo. 161.

II. This is a criminal prosecution. The criminal law cannot be invoked for redress of private grievances.

*Dawson v. State*, 52 Ind. 478; *Hughes v. State*, Ind., Oct. 28, 1885; 1 West. Rep. No. 54, p. 544. In the case at bar, as in that case, the evidence in the record shows the controversy involved in the case is one which ought to be determined by an appropriate civil action, and not by resort to a criminal prosecution. One party should not be permitted to place another under the bar of a criminal to try a civil action.

III. The pretense of the city, as disclosed by its evidence, is about this: There was an alley running east and west through block seven. An effort appears to have been made to change the direction of this alley from east and west to north and south. (1) It appears that the city has never closed the west end of the alley east and west, but continues to keep it open and work it. It is claimed that the Lowry heirs' deed to the city was for six feet off of the west part of the east half of the block, and that the six feet in controversy had been dedicated to the city. The city relies upon Norris' statement that he consented to the alley whilst he owned the land, and so told Jones to whom he sold; but he don't state how he expressed his consent; yet, on cross-examination, he says that he made Jones a warranty deed and that he, in writing, directed his conveyancer to draw it so. Hence, the telling act of Norris was his warranty deed. The mere verbal promise to dedicate cannot prevail over a warranty deed. The deed from Lowry heirs was made in 1879, six years after Norris had conveyed to Jones; and even that deed appears to be upon the consideration that the county court vacate the alley running east and west (now up to the execution of this deed there is no pretext of a dedication). As we have seen, the city never has closed the alley running east and west, but still keeps it open and works it. If the agreement of Norris is valid at all, the city cannot hold an alley off of two sides of the lot. It must close the east and west alley before it can claim the alley north and south. It also appears that the city,

by its own officers, obstructed this pretended alley be-
fore Jones built the fence complained of. (2) It
has not closed the alley on the north end of the lot.
(3) It has closed the alley, now claimed, by laying
down the sidewalk across the south end of Promenade
street.

ELLISON, J.—Defendant was arrested for obstruct-
ing an alley in the city of Mexico, contrary to the ordi-
nances of said city. He was found not guilty in the
recorder's court, and on the city's appeal to the circuit
court, a demurrer to the evidence was sustained, and
the city again appeals. The alley, as dedicated on the
plat, was one running east and west through the block.
The alley claimed to be obstructed by defendant runs
north and south. This north and south alley the city
attempted to establish at the trial, by proof of dedica-
tion, as well as by user. We are of the opinion that
the city failed to make out a case under either theory.
*Landis v. Hamilton*, 77 Mo. 554 ; *State v. Proctor*, 90
Mo. 334.

If the whole testimony shows that, though a ver-
dict be rendered for plaintiff, it would not be allowed to
stand, the court should sustain a demurrer and take the
case from the jury. *Morgan v. Durfee*, 69 Mo. 469,
476 ; *Powell v. Railroad*, 76 Mo. 80, 83 ; *Commissioners
v. Clark*, 94 U. S. 294. The evidence in this case does
not show a dedication by the owner. Nor does it show
a use of the alley by the public, as a highway, with the
acquiescence of the owner for a sufficient length of time
to make it a public way by user.

The judgment, with the concurrence of the other
judges, is affirmed