STATE OF MISSOURI, Respondent, v. JESSE H. RHODES, Appellant.

Kansas City Court of Appeals, March 4, 1889 and April 15, 1889.

**Highways:** INDICTMENT FOR OBSTRUCTING: VARIANCE: A QUESTION FOR THE TRIAL COURT. At common law, on the trial of an indictment for obstructing a highway, wherein the *termini* of the road are described, it would be error to admit in evidence, the record of a road showing a difference of half a mile in one of the terminal points, yet, inasmuch as under the provisions of section 1820, Revised Statutes, the determination of whether such variance was material to the merits, and prejudicial to the defense of the defendant, is confided to the trial court, which held that it was not and admitted evidence, it must follow that the state's case, as alleged in the indictment, was proved by such record so far as necessary for it to establish the highway.

*On Motion for Rehearing.*

1. **Appellate Courts:** DUTY OF IN CRIMINAL CASES. In the examination and determination of criminal cases, the statutory duty of the appellate court is to examine the record and render judgment upon it.

2. **County Courts:** EXPUNGING ORDERS ESTABLISHING HIGHWAY NOT IN BILL OF EXCEPTIONS. The objection that the record offered in evidence had been expunged by the order of the county court is not considered, as such order does not appear in the bill of exception; and besides the validity of such order may well be questioned, as when a public road is once established it can only be vacated in the manner pointed out by statute.

*Appeal from the Atchison Circuit Court.*—HON. C. A. ANTHONY, Judge.

AFFIRMED (*and rehearing denied*).

*Lewis & Ramsey*, for appellant.

The court erred in permitting the state to read in evidence the record of road number 383, for the reason that it did not terminate with the *terminus* of the road mentioned in the indictment, the one commencing at Hughes bridge and the other terminating one half mile south and a mile and a half east of that point. While an indictment charging the obstruction of a public highway need not state the *termini* yet if they are stated the pleader is bound thereby (2 Bishops Crim. Proc. [ 3 Ed.] sec. 1051), and for the further reason that by such record it appears the damages of the appellant were assessed by the road commissioner instead of by a jury as required by law. When one is prosecuted for obstructing a road over his own land it is competent for him to show that his property has not been condemned in the manner provided by law. *Golahar v. Gates*, 20 Mo. 238. And for the further reason that the county court of Atchison county, Missouri, by an order of record, at its May term, 1877, expunged said road number 383 from its records, and wholly abandoned the proceedings in the matter before said road was ever completed.

No brief for respondent.

SMITH, P. J.—The defendant was indicted and convicted in the circuit court af Atchison county for the obstruction of a public highway.

The indictment charged that the defendant did obstruct a certain public road leading from what is known as the "Hughes bridge" near and south of the town of Rockport on section line between township 65 and township 64 of range 40 and range 41, known as the section-line road and at or near the southwest quarter of section 33, township 65, and range 40.

At the trial the state over defendant's objections introduced the record of the county court of Atchison

county which showed that public highway 383 commenced on the line of Nodaway and Atchison counties at the northeast corner of section 4, township 64, range 38, and run from thence west a distance of sixteen miles to intersect another public road at the northwest corner of section 1, township 64, and range 41. The record shows that this road runs through the southwest quarter of section 33, township 65, and range 40, described in the indictment.

It is apparent from this that the "Hughes bridge" road commences at least a mile east and perhaps a half mile north of the termination of said road 383.

These roads are thus shown not to be co-terminous.

Neither do they commence or terminate at the same point.

How could the court tell that road 383 was identical with the "Hughes bridge road?" The indictment alleges a road commencing at one point, while the proof shows a road neither one of the terminal points of which is that point. There is a lack of correspondence between the allegation and the proof.

In indictments for nuisances in public highways it has been held not to be necessary to set out the *termini*. *State v. Northumberland*, 46 N. H. 158 ; *Commonwealth v. Hall*, 15 Mass. 240 ; Angell on Highways, 276–277 ; 1 Chit. Crim. Law, 338, 369.

But if they are set out they must be proved as laid and any material variance will be fatal. 2 Chit. Crim. Law, 338 ; Angell on Highways, 276 ; *State v. Northumberland*, 46 N. H. 158, *supra ; Foster's case*, 8. C. & P. 612.

In 46 N. H. just cited the court say : "In the case before us the indictment alleges that the highway extended to the dwelling of Edward Becknam, but the proof does not sustain the allegation, although the want of repairs shown is in a point of the highway which is proved to exist yet the indentity of the way described is not established."

In the *Town of Lewistown v. Proctor*, 27 Illinois, 414 it is said that where an allegation is general that a road leading from one place to another has been obstructed, its existence between the points named must be proved as a matter of essential description.

In *U. S. v. Howard*, 3 Sumner, 15, Mr. Justice STORY declares the rule to be that no allegation whether necessary or unnecessary, whether it be more or less particular which is descriptive of the identity of that which is legally essential to the charge in the indictment can be rejected as surplusage. And it was similarly held in *U. S. v. Fay*, 1 Curtis, Cr. Ct. Rep. 364.

The rule is establised everywhere, in the absence of statutory provision on the subject, that descriptive averments must be proved as laid.

Upon the strength of the authorities which we have cited we should feel inclined to the opinion that the circuit court committed error in permitting the introduction of the record of highway number 383. But on looking to section 1820, Revised Statutes, we find that it is provided that whenever on the trial of any misdemeanor there shall appear to be any variance between the statement in the information or indictment and the evidence offered in the proof thereof in the description or name of any matter or thing whatsoever therein named or described shall not be deemed grounds for acquittal of the defendant, unless the court before which the trial shall be had shall find that such variance is material to the merits of the case and prejudicial to the defense of the defendant. The trial court to which is confided this power of determining whether the variance complained of was material to the merits of the case, and prejudicial to the defense of the defendant, held that it was not. *State v. Smith*, 80 Mo. 520.

It must therefore be perceived that the state's case as alleged in the indictment was proved by the record

of highway number 383 so far as was necessary for it to show the establishment of the highway.

There is nothing in the record showing the disestablishment of roadway number 383. This could only be done by an abandonment or relinquishment. The public acquired by condemnation and by dedication the right to use said road and this right would continue until lost by non-use or by abandonment for the proper period which is the same thing, or by relinquishment according to law.

We are unable to discover any error in the rulings of the circuit court that were prejudicial to the rights of the defendant and therefore the judgment of that court is affirmed. All concur.

### On motion for rehearing.

I. The defendant as a ground for rehearing urges that this court did not in its opinion review this case on the same theory, upon which it was tried in the circuit court.

As to this point it is sufficient to remark that in the examination and determination of criminal cases which come here on writ of error, or by appeal, we are not restricted as in civil cases.

The mandate of the statute is that we examine the record before us and render judgment upon it. R. S., secs. 1989, 1993.

II. As to the question of variance all has been said, that is necessary, in the opinion.

There is no suggestion that the statute there referred to does not apply. The decision of the supreme court there cited is conclusive upon us.

III. The objection is made to the record and proceeding of said county court, which was given in evidence, that the same had been expunged. We are unable to find in the bill of exceptions any such order

of said county court. Besides it may well be questioned whether, after proceedings have been had for the establishment and opening of a public road, the county court could dis-establish such road by an order expunging its orders and judgment establishing the same. When a public road is once established it can only be vacated in the manner pointed out by statute. *State v. Wills*, 70 Mo. 635.

The title acquired to a highway by the public cannot be divested in that manner.

IV. The instructions given by the court fairly submitted the case to the jury. The proof was ample to sustain the conviction. R. S. 6964 ; *State v. Ramsey*, 76 Mo. 398.

We adhere to the opinion heretofore expressed and hence overrule the defendant's motion for a rehearing.