THE STATE OF MISSOURI, Respondent, v. JOHN BALDRIDGE, Appellant.

Kansas City Court of Appeals, April 3, 1893.

Criminal Law: OBSTRUCTING ROAD: IRREGULAR OPENING. Although the proceedings for opening a road be void, such fact will not defeat a prosecution for its obstruction, where there has been ten years' use and occupancy by the public acquiesced in by the owner.

*Appeal from the LaFayette Circuit Court.*—HON. JOHN E. RYLAND, Judge.

AFFIRMED.

The State v. Baldridge.

*John Welborn,* for appellant.

The condemnation proceedings to establish the public road that the defendant is charged with obstructing are absolutely void. Then no public road could be established by reason of said proceedings. No dedication of any road. No public road established by prescription over Mrs. Emerson's land, where the defendant is charged with obstructing a public road. No road had been used by the public for ten consecutive years, and public labor or money expended thereon. The public must have used the road for ten consecutive years and public labor or money expended thereon on the land of Mrs. Emerson to divest her of her title and establish a public road by prescription, and neither was done. 2 Revised Statutes, 1889, sec. 7847; 2 Revised Statutes, 1889, sec. 7827.

Laws, 1874, adjourned session of the Twenty-Seventh General Assembly; Session Acts of 1874, secs. 4, 5, 6, 7, 9, 10, p. 135; Laws, 1875, Session Acts 1875, secs. 1, 2, p. 143; *Zimmerman v. Snowden,* 88 Mo. 210; *Jefferson Co. v. Cowan,* 54 Mo. 234; *Whitely v. Platte Co.,* 73 Mo. 30; *Foster v. Davis,* 27 Mo. App. 321.

*William Aull,* for respondent.

The court properly granted instructions 1 and 2 on part of respondent. *State v. Walters,* 69 Mo. 463; *Cincinnati v. White,* 6 Pet. 431; *Carlin v. Paul,* 11 Mo. 32; *Gamble v. St. Louis,* 12 Mo. 618; *State v. Young,* 27 Mo. 259; *State v. Culver,* 65 Mo. 607; *State v. Wells,* 70 Mo. 635; *State v. Proctor,* 90 Mo. 334; *State v. Ramsey,* 76 Mo. 398; *State to use v. Railroad,* 46 Mo. App. 466; *State v. Bradley,* 31 Mo. App, 808; *State v. Davis,* 27 Mo. App. 624.

ELLISON, J.—Defendant was indicted, tried and convicted for obstructing a public road in LaFayette

county. The defense seems to be principally based upon the fact that the proceedings in the county court for the opening and establishing the road in the first instance were so irregular as to render them absolutely void. The instructions offered for defendant are principally in support of such view, the court being therein asked to declare that, if the irregularities mentioned in the instructions were found by the court to exist, then defendant must be declared not guilty. In other words, defendant's idea seems to be that if the proceedings in the county court for the opening of a public road are void that it may be considered as not a road. But this theory of defendant, however correct as a proposition unaffected by other considerations appearing in the facts of a case, does not meet the case made by the state. The state contends that notwithstanding there was no regular and valid opening of the road in the first instance by the county court, yet that ten years' adverse occupancy and use of a road by the public will be sufficient, if acquiesced in by the owner, to vest in the public an easement in the road and cause it to become a public highway. And this was the theory of the trial court as evidenced by its instruction for the state. This view has been long and well established in Missouri. *State v. Wells*, 70 Mo. 635; *State v. Walters*, 69 Mo. 463; *State v. Proctor*, 90 Mo. 334.

We have examined the testimony presented to us by defendant and find that it abundantly sustains the finding made against him. The road was used by the public for more than fifteen years without obstruction. It was opened out by the public and was under the supervision of different road overseers for this space of time, and was regarded and used as a public road.

The trial was before the court without a jury and the instruction for the state, as well as those refused

for defendant, shows that the court proceeded upon the correct theory of the law. The judgment will be affirmed. All concur.