HANNIBAL AND ST. JOSEPH RAILROAD COMPANY, Appellant, v. TOTMAN.

149   657
101a  626

### Division One, May 23, 1899.

**Ejectment:** RAILROAD RIGHT OF WAY: PUBLIC USE: LIMITATIONS: SPECIAL STATUTE. The acquirement by a railroad company of land for its right of way, depot and station grounds, is an appropriation of the land to a public use, and hence under the statute (that "nothing contained in any statute of limitation shall extend to any lands given, granted, sequestered or appropriated to any public, pious or charitable use, or to any lands belonging to this State"), a citizen can not acquire title to a part of the right of way by adverse possession.

*Appeal from Clinton Circuit Court.*—HON. WILLIAM S. HERNDON, Judge.

REVERSED AND REMANDED (*with directions.*)

SPENCER & MOSMAN for appellant.

(1) Under the statutes of this State a citizen can not acquire title to the right of way of a railroad company, by adverse possession. The statute provides that "nothing contained in any statute of limitation shall extend to any land given, granted, sequestered, or appropriated to any public, pious, or charitable use, or to any lands belonging to this State." Sec. 6772, R. S. 1889. (2) The use made by a railroad company of its right of way, pursuant to the purposes of its incorporation, is a public use within the meaning

of this statute.   Indeed, so universally is this use recognized as a public use, that this court has declared that it will take judicial notice thereof.   Thompson v. Railroad, 110 Mo. 147; Dickey v. Tennison, 27 Mo. 173; Railroad v. Muder, 49 Mo. 166; Gaus & Son v. Railroad, 113 Mo. 316.   The legislature of this State, in granting charters to railroad corporations, declares that the use made by a railroad company is a public use, and on the basis that such use is public, clothes such corporations with the power of eminent domain. This same branch of the State government enacted section 6772.   It is therefore perfectly fair to assume that when in said section it used the words, "any public use," it meant to include within the meaning of these terms, lands actually appropriated to right of way uses.   It would be strange, indeed, if a proceeding in court to condemn a right of way for railroad purposes should be sustained because the lands were to be devoted to a public use, and in another proceeding, in the same court and under the same laws, to retain that same ground for that use, the action should fail because that use was private and not public.   (3)   The case of Welsh v. Railroad, 19 Mo. App. 127, is not an authority sustaining the decision of the court below.   The fact that the defendant, by ten years' adverse use and occupancy of a strip of ground as a right of way, would acquire an easement in said strip, throws no light on the question, for in such a case section 6772 could have no application.   State v. Culver, 65 Mo. 607; State v. Warner, 51 Mo. App. 179.   This section of the statute has been construed in the following cases: St. Louis v. Railroad, 114 Mo. 13; Williams v. St. Louis, 120 Mo. 403; Connecticut Ins. Co. v. St. Louis, 98 Mo. 422.

TURNEY & GOODRICH for respondent.

(1)   There is no analogy between the use of the right of way of a railroad and the use of the streets in a town or city.   The use of the streets is exclusively in and for the

public. The use of the right of way is exclusive in the corporation for the private gain of the owners of the railroad. Railroad v. Clark, 121 Mo. 169. The cases cited by appellant are not in point. (2) A city is a public corporation in the strictest sense. A railroad corporation is not a public corporation and is not so classed in the text books or statutes. In the text books they are called *quasi* public corporations by reason of the nature of their business and their relation to the public. In the statutes they are classed with and as private corporations. Wood's Railway Laws (1 Ed.), sec. 5; R. S. 1889, Title—Private Corporations. (3) The doctrine *nullum tempus* does not apply to corporations public or private, and the plaintiff must recover, if at all, by virtue of section 6772, R. S. 1889. Fairbanks v. Long, 91 Mo. 628; Houston v. Simmelman 101 Mo. 619. *Quasi* public corporations are not excepted by the section, and the word *quasi* describes not only the character of the corporation, but also the character or nature of the use. "Railroads are built, maintained and operated for public uses as well as for the private gain of the owners." Railroad v. Clark, 121 Mo. 169; School Directors v. George, 50 Mo. 194. (4) Title to the right of way can be acquired by adverse possession. Callaway Co. v. Nolley, 31 Mo. 393; School Directors v. Goerges, 50 Mo. 194; Ins. Co. v. St. Louis, 98 Mo. 422; Mississippi Co. v. Vowels, 101 Mo. 225.

VALLIANT, J.—This is an action of ejectment commenced November 30, 1894, to recover a small strip of land in the town of Cameron. The petition is in proper form and the defense is the statute of limitation.

The cause was submitted to the court upon an agreed statement of facts, from which it appears that in 1856 the plaintiff, a railroad company, owning and operating a railroad through that portion of the State, acquired title to a strip of land running through the town of Cameron for its right of way, depot and station grounds, and has had the

same in its possession and in use in its general railroad business ever since that date, except that small part thereof which is the subject of this suit, and which was also in such possession and use of plaintiff until 1881, when one Aldrich went upon it, claiming to be the owner, and sold it to defendant in 1882 for $125, when defendant took possession, inclosed it with a fence, erected buildings on it, and has been in possession ever since, claiming it as his own; that from 1859 to 1871 the land in dispute was embraced in a fence by plaintiff which inclosed other land of the right of way strip, and plaintiff has continually since 1856 claimed title and right to its possession, and in 1882 or 1883 notified defendant of such claim and demanded possession which defendant refused, claiming to own it himself; that the rental value for the last seven years before the trial was three dollars per month. The finding and judgment of the court was for the defendant and after due proceedings the cause is here for review on plaintiff's appeal.

Under this statement of facts the only question presented for our consideration is, does the statute which limits the time in which an action to recover possession of land may be commenced, apply to an action by a railroad company to recover possession of land acquired by it for its right of way, depot and station grounds?

Sec. 6772, R. S. 1889: "Nothing contained in any statute of limitation shall extend to any lands given, granted, sequestered or appropriated to any public, pious or charitable use, or to any lands belonging to this State." This statute reduces the question to this form: Is the acquisition of land by a railroad company for its right of way, depot and station grounds an appropriation of the land to a public use? There are decisions in this State to the effect that title by adverse possession may be acquired to land appropriated to public use. [Callaway Co. v. Nolley, 31 Mo. 393; School Directors v. Goerges, 50 Mo. 194; Ins. Co. v. St. Louis, 98 Mo. 422; Mississippi County v. Vowels, 101 Mo. 225.] But

these decisions cited in the brief for respondent were, some of them rendered before the enactment of the statute above quoted and the others related to rights acquired before that act went into effect. The only question in those cases was whether or not the common law maxim *nullum tempus occurit regi* applied to subdivisions of the State, and it was held that it did not. But we have nothing to do with that maxim here. If the statute of limitations does not apply to the case at bar, it is not because railroad corporations are exempt from its operation, but because the subject of the suit, the land in question, is exempt under the terms of the statute by reason of its being devoted to a public use.

In Welsh v. Railroad, 19 Mo. App. 127, it was held that the plaintiff by adverse possession for ten years barred the railroad company's title to the land in suit which it had acquired for its right of way. The court in that instance seem to have overlooked the statute above quoted and to have decided the case on the principle that railroad corporations were not exempt from the operation of the statute of limitations. The statute we are now considering does not appear to have been called to the court's attention in the briefs of counsel, nor referred to in its opinion. The cases cited in the opinion discuss the subject upon common law theories. In one of those cases (State v. Culver, 65 Mo. 607) the proposition that the right of the public to a highway may be lost by non-user and a private right acquired by occupation in the land so lost, was recognized, but it was based on the common law theory of prescription, not on the statute of limitations, and the period indicated was twenty years. The court there said, referring to this statute, that it was error to have given an instruction to the effect that ten years adverse possession gave the defendant a right to the land covered by the highway.

We are not called on to decide whether or not a railroad company may lose part of its right of way by non-user

or abandonment; the only question for us is, does the statute of limitations apply? If the use of the land for railroad purposes is a public use, the statute of limitations has no effect; if it is not a public use, the statute bars the action.

In Thompson v. Railroad, 110 Mo. loc. cit. 160, this court per THOMAS, J., said: "That the use for which this property was sought to be taken was a public use, is beyond question. The Constitution of our State declares that railroads are public highways, and railroad companies common carriers, and, without any such provision in the organic law, the courts will take judicial notice that the taking of private property for the operation of a railway is for a use that is public."

The ground on which is based the right of a railroad company to condemn private property for its use is that the condemnation is for a public use. And much of the control which the State exercises over railroads is based for its authority on the proposition that railroads are public highways. That large private interests are involved in the owning and operating of railroads is true, but that larger public interests are involved is also true. It is the policy of the State to see that these interests are alike protected, and under wise control they are not likely to conflict, but should an emergency arise in which one or the other must yield, the private interests must give way to those of the public.

The acquiring of the land in question by the plaintiff for use in its business as a railroad company was an appropriation of it to a public use within the meaning of section 6772, Revised Statutes 1889, and the plaintiff's right to recover it was not affected by the statute of limitation.

Under the agreed statement of facts the judgment of the circuit court should have been for the plaintiff for the possession of the land in dispute, and for damages estimated at three dollars per month from December 1st, 1889, which was five years next before the commencement of the suit, to

the date of the judgment, and for accruing rents and profits at that rate until possession is delivered to plaintiff and for costs of the suit. The cause having been submitted for judgment on an agreed statement of facts which covers all the issues, there is no necessity for a retrial, but the judgment of this court will be that the judgment of the circuit court be reversed, and the cause remanded to that court with directions to enter judgment for the plaintiff as hereinabove indicated.

All concur.