## S. F. CRIGLER et al., Respondents, v. CITY OF MEXICO et al., Appellants.

### St. Louis Court of Appeals, April 14, 1903.

**Injunction:** OPENING AN ALLEY: DECREE AGAINST OPENING.
The city of Mexico was by respondent forever restrained from opening an alley through the residence part of his premises. The strip had been occupied since before the war, and valuable improvements had been made, with fine growing shade trees thereon. The opening of the alley would inflict irreparable injury; during all these years when valuable improvements were being made, the city made no claim of title to the strip whatever. *Held,* decree modified by striking out the word "forever," and affirmed by enjoining the city from opening the alley.

Appeal from Audrain Circuit Court.—*Hon. E. M. Hughes,* Judge.

AFFIRMED.

*John T. Baker* and *P. H. Cullen* for appellants.

(1) The statute of limitations does not run in favor of the occupant of land given, granted, sequestered or appropriated to any public use, unless possession was taken prior to August 1, 1866. R. S. 1899, sec. 4270; Railroad v. Lottman, 149 Mo. 657; State v. Warner, 51 Mo. App. 174; Coleman v. Drane, 116 Mo. 387. (2) Conceding that the theory of plaintiffs is correct as to the law, yet the finding of the court is so manifestly against the evidence that it ought to be reversed. The overwhelming weight of evidence is that there was no adverse possession prior to August 1, 1866. This being an equity case the court will determine the weight of the evidence. Benne v. Schnecko, 100 Mo. 250; Cox v. Cox, 91 Mo. 71; Erskine v. Lowenstein, 82 Mo. 301.

*Geo. Robertson* for respondents.

(1)   The appellants are entitled to an affirmance or a dismissal of the appeal, as the court shall see fit. Bausman v. Kirtley, 47 Mo. 28; Bobb v. Comfort, 47 Mo. 36; Kamerick v. Castleman, 21 Mo. App. 592; Caldwell v. Hawkins, 46 Mo. 263; Redway v. Chapan, 48 Mo. 218; St. Claire & Co. v. Martin, 125 Mo. 114. ₄ (2) The appellants admit that they were about to enter upon the premises to take  possession of this  strip.   This would necessarily have destroyed the buildings.   The injury was, therefore, irreparable.   It was a damage to the inheritance.   Injunction was, therefore, the proper remedy.   R. S. 1899, sec. 3649; High  on Injunctions (3 Ed.), secs. 701-2; Carroll v. Campbell, 108 Mo. 550; Tel. Co. v. Guernsey & Scudder, 46 Mo. App. 120; Robbins v. Latham, 134 Mo. 466.

GOODE, J.—The object of this litigation is to restrain the appellants from opening an alley twelve feet wide through the residence premises of the respondents in the city of Mexico, Missouri, pursuant to an order of the city council entered December 2, 1893.   Respondent's home stands at the northwest corner of Cole and Anderson streets in said city on a lot extending back from Anderson street along the west side of Cole twelve feet north of the center of the block.   The block is part of an addition to the city known as the "County Addition" which was platted in 1855.   In 1856 Audrain county conveyed the streets and alleys contained in said addition to the city of Mexico for public use, and the strip of ground in question appears to have been included in the dedication but was never opened or used by the public, as the open part of the alley stopped at the west line of respondent's premises.   Respondent's ancestor built a barn, buggy shed, wood and coal house and other valuable improvements on the premises about

1891, and there are fine shade trees on it. All these would have to be removed to open an alley as ordered and their removal would entail considerable loss and do some irreparable injury, which this suit was instituted to prevent.

Respondents found their case on a claim of title to the disputed strip acquired by adverse possession, which appellants meet with the defense that adverse possession prior to 1866 was not proven, and that the title to land appropriated to public use can not be acquired by a possession which began since said year. R. S. 1899, sec. 4270; Railroad v. Lottman, 149 Mo. 657. It is not denied that the city intended to remove respondents' improvements and had taken steps to that end; but the point made for reversal is that the judgment was against the weight of the evidence. The evidence well supports the finding that the premises now owned and occupied by the respondents were inclosed and adversely held by former owners and occupants, under whom the respondents claim, before the civil war. Some of the fencing was then burned by soldiers, but posts and planks sufficient to mark the line of the fence remained and the inclosure was restored by a later tenant. In 1875 the city of Mexico requested one owner, Doctor Macfarlane, to recognize its right to the strip, but he refused to do so and asserted title in himself. The city took no measures at that time nor until years after valuable buildings were erected on the land in good faith, to assert its title and was rightly enjoined.

The language of the decree is too broad, as it restrains the city forever from entering on the controverted ground, though it might condemn the land or establish title to it by an ejectment action in which respondents' would recover the value of their improvements. The adverse possession on which the respondents succeeded is of legal, not equitable cognizance; so a judgment on it in ejectment would be no bar to an-

other action; hence, the judgment in this case should not have the effect of finally concluding the appellants.

The judgment is modified by striking out the word "forever," and affirmed. *Bland, P. J.*, and *Reyburn, J.*, concur.