State v. Miles.

---

STATE OF MISSOURI, Respondent, v. JAMES MILES, JR., Appellant.

St. Louis Court of Appeals, May 6, 1913.

1. **APPELLATE PRACTICE: Crimes and Punishments: Duty of Court to Examine Record.** On appeal by the defendant from a judgment of conviction in a prosecution for a criminal offense, although neither appellant nor respondent files briefs, it is the statutory duty of the court to examine the record for error, under Sec. 5312, R. S. 1909.

2. **LARCENY: Petit Larceny: Sufficiency of Information.** An information, in a prosecution for petit larceny, charging that defendant, on a certain day and in a certain place, unlawfully and willfully stole, took and carried away, of the money and property of a person named, $1.08, lawful money of the United States, of the value of $1.08, was sufficient.

3. **CRIMES AND PUNISHMENTS: Alibi: Instructions.** An instruction, covering the defense of alibi, in a criminal prose-

cution, that if the evidence left a reasonable doubt as to defendant's presence at the place where the offense was committed at the time of its commission, he could not be convicted, for the presumption of innocence attends him throughout the trial and he can only be convicted on the establishment of guilt beyond a reasonable doubt, was correct.

Appeal from St. Louis Court of Criminal Correction. —*Hon. Wilson A. Taylor,* Judge.

AFFIRMED.

*Zachritz & Zachritz* for appellant.

*Philip W. Moss* for respondent.

NORTONI, J.—Defendant was convicted on a charge of petit larceny and prosecutes this appeal from that judgment. After hearing the evidence and instructions, the jury found defendant guilty, and fixed his punishment at a fine of one dollar.

Neither appellant nor respondent has filed briefs in the case, but, notwithstanding, we have examined the record for error, as is our duty under the statute.

The information filed by the assistant prosecuting attorney charges that defendant, on the 26th day of June, 1909, in the city of St. Louis, Missouri, did unlawfully and willfully steal, take and carry away, of the money and property of Mrs. Fannie Horowitz, $1.08, lawful money of the United States, of the value of $1.08. The information in all respects is sufficient and in the usual and approved form in cases of petit larceny.

The evidence tends to prove that Mrs. Horowitz owns a little store in St. Louis, and that while she was in a rear room attending to the wants of her children, who reside with her there, defendant entered the front door of the store and took $1.08 from her cash register. She entered the store as defendant was in the

act of perpetrating the theft and witnessed the taking of the money. The evidence for the State, besides being pointed and direct in its tendency to prove the crime charged, is abundant to that effect. Defendant pleaded not guilty, denied the charge and sought to establish an alibi by the evidence of himself and a friend. The case was submitted to the jury under proper instructions and a verdict of guilty returned thereunder.

The instructions informed the jury, among other things, that defendant was presumed to be innocent of the crime charged against him and that the burden of proving it rested upon the State and that defendant's guilt must be established beyond a reasonable doubt before a conviction could be had; that if the jurors entertained a reasonable doubt as to his guilt, the verdict should be for him. The usual instruction to the effect that defendant was a competent witness in his own behalf was also given in the approved form. Touching the matter of the alibi interposed in defense, the court instructed the jury that if the evidence left a reasonable doubt as to defendant's presence at the place where the offense was committed at the time of the commission thereof, he should be found not guilty, for the presumption of innocence attended him throughout the trial and he could be convicted only on his guilt being established beyond a reasonable doubt. Obviously no error appears in this instruction. Indeed, each and all of the instructions have been approved in like cases time and again.

There appears to be no reversible error in the record and the judgment should therefore be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.