STATE OF MISSOURI, Respondent, v. ROBERT FAITH, Appellant.

Springfield Court of Appeals, May 12, 1914.

1. **VACATING HIGHWAYS: County Court's Jurisdiction: Imposing Conditions.** In ordering the vacation of a part of a highway under Sec. 10444, R. S. 1909, the county court may make a conditional order, prescribe certain provisions, and provide what proof will be considered by the members of the court as sufficient that the conditions have been fulfilled in order to make their conditional order final and effective.

2. ————: **Nature of.** Changing a public highway under Sec. 10444, R. S. 1909, affects only the public interest and does not involve private rights.

3. ————: **Statutory Methods.** The statutes provide two methods by which a county court may vacate a road, found in Secs. 10444, 10445, R. S. 1909.

4. **PUBLIC HIGHWAYS: Public's Interest in.** The public has a vested interest in highways.

5. **COUNTY COURTS: Proceedings: Records of Only Evidence.** Extrinsic evidence is not competent to show the proceedings of county courts, as they speak only by their records.

6. **PUBLIC ROADS: Obstruction of: Statutory Offense.** - Obstructing a public road is made an offense by the statutes. [Citing 10533, R. S. 1909.]

7. ———: **Obstructing: Intention Immaterial.** Since the offense of obstructing a public road is a misdemeanor, the intention which prompts the act is immaterial.

8. **APPELLATE PRACTICE: Criminal Cases: Method of Appeal.** A criminal case can only be brought up to the appellate court by a full transcript of the record, certified by the clerk of the trial court. [Citing Secs. 5308 and 5309, R. S. 1909.] [Per STURGIS, J.]

9. **CRIMINAL LAW: Appellate Practice: Review.** Where appellant in a criminal case fails to bring his case before the appellate court in the proper manner as provided by Sec. 5309, R. S. 1909, none of the errors complained of by him are properly before the court for review. [Per STURGIS, J.]

Appeal from Laclede County Circuit Court.—*Hon. L. B. Woodside*, Judge.

AFFIRMED.

*J. T. Moore* and *A. W. Curry* for appellant.

(1) The county court had jurisdiction to grant the change, and having granted the change every presumption must be indulged in favor of the validity of the judgment it had a right to render under the law. Halter et al. v. Leonard, 223 Mo. 286, 122 S. W. 706. (2) The county court having made the order or judgment it had a right to make under the law, any condition it might attach to the judgment was merely surplusage. Engler v. Knoblaugh, 110 S. W. 16, 131 Mo. App. 481. (3) The trial court should have allowed the defendant to prove that he went to the county court in session and that the presiding judge thereof, in answer to defendant's question of what he should do, told him not to take his fence down. Under the circumstances and the evidence offered and received, and offered by defendant and excluded by the ruling of the court, the court should have made the question of intent an element and so instructed. Sullivan v. Kirkpatrick, 156 S. W. 492.

State v. Faith.

*Harry S. Brown* and *I. W. Mayfield & Son* for respondent.

(1) Courts of record speak only by their records, and their proceedings cannot be established by oral evidence. Milan v. Pemberton, 12 Mo. 394; Maupin v. Franklin County, 67 Mo. 327; County of Johnson v. Woods, 84 Mo. 516; Harkrader v. Vernon County, 216 Mo. 706; Davison v. Realty Co., 226 Mo. 29. (2) This road being established, places the title in the same in the public for public use and travel, and before the defendant can divest the public of this legal right and appropriate it to his use and benefit he must show by record evidence every necessary step was taken to confer jurisdiction on the tribunal making such a change. Fisher v. Davis, 27 App. 321; Zimmerman v. Snowden, 88 Mo. 218; Jefferson County v. Cowden et al., 54 Mo. 234; Williams v. Curby, 169 Mo. 622; In re Bledsoe Hill, 200 Mo. 643. (3) The word "provided" in the court's order clearly makes the order a contingent one, to become final only upon the happening of a contingency. It has the same effect and force as the word "if." The county court had a right to make such an order in the interest of the public. R. S. 1909, Secs. 10437, 10444; Bell v. County Court, 61 Mo. App. 173; Seafield v. Bohne, 169 Mo. 537.

FARRINGTON, J.—This is a criminal prosecution of the appellant upon an information based on section 10533, Revised Statutes 1909, charging that he "unlawfully, wilfully and knowingly" obstructed a public road and highway on June 12, 1913, and continued to maintain such obstruction across the road, the obstruction being a fence, which road has been laid out and established as a legal road and traveled by the public for more than ten years prior to the alleged obstruction.

At the trial, the defendant admitted the obstruction and sought to justify or excuse his act by attempt-

ing to show that the county court had by its order changed the road from the place where it was alleged to be obstructed and that one of the county judges had told him to maintain his fence.

The jury found the defendant guilty as charged and assessed his punishment at a fine of five dollars. Defendant during the trial duly saved exceptions to the action of the court in overruling certain objections made by him to evidence, and saved exceptions to the action of the court in rejecting certain evidence offered by him. Upon this appeal we are asked to consider those exceptions and determine the sufficiency of the order made by the county court.

The State introduced the record of the county court which disclosed that the road obstructed was a duly established road. In Road Record A, appeared the following entry:

"Wednesday, February 8, 1911, third day of regular term. Now on this day comes R. Blickensderfer, county highway engineer, and makes report on a proposed change of public road petitioned for by R. L. Faith et al., said change to be thirty feet wide, to run as follows: Commencing in the municipal township of Gasconade at the 1-8 corner on the north line of the northeast quarter of section 17, township 32, range 13, thence south 3620 links to intersection of Lynchburg road, and whereas the following parties have given their right of way, Samuel Pendergraft, a strip fifteen feet wide off the west side of the east one-half, northeast quarter, 17-32-13. Robert Faith a strip fifteen feet wide off the east side west one-half, northeast 17-32-13. Therefore it is ordered by the court that the above proposed change be granted, provided petitioners make out the new road in as good traveling condition as the old road, subject to the approval of the County Surveyor and when opened for travel and accepted as per above conditions that part of old road in section 17 to be vacated and that the clerk certify

a copy of this record to the road overseer wherein said change is located."

The State proved that a report was made to the county court by A. T. Ford, highway engineer, dated February 8, 1912, informing the court that the proposed new road was not in as good shape as the original road, and that some one had fenced the original road. This evidence was objected to because the defendant claims the county court had granted the change and was without jurisdiction to impose a condition.

On November 14, 1912, the county court, acting in this matter, found by an entry of record that the conditions specified in the order opening said road had not been complied with, and ordered the highway engineer to serve notice on the defendant herein to remove the obstruction in the old road, the introduction of which order in evidence was objected to for the reason that the county court had no jurisdiction to grant a conditional change, and for the further reason that it applied to another road. On November 25, 1912, the county highway engineer in writing notified the defendant herein to remove the fence at once. Defendant objected to the offer of proof of this notice for the reason that a change in the road had been granted and that the rescinding of the same was unauthorized. On December 5, 1912, the highway engineer reported to the county court that he had again gone over the proposed change and that the defendant had not complied with the condition.

The defendant testified as follows: That he got up a petition to change the Lebanon and Plato road; that he got the change made; that he fenced up the old road, went to clearing it up and planting it in corn and that no objection was made for twelve months after it was fenced up; that he had raised two crops of corn on it and that there was a crop on it at the time he was testifying; that he fenced it up because he wanted to make a farm out of it and because Judge Wilson told

him to do it; that he acted under the instructions of the county court and did everything the court required him to do; that he did not know the change had been granted with any condition; that after the trouble came up he went to Judge Wilson to know what to do; that he had never seen the record in the county court changing the road and knew nothing about it; that he just did what the court told him to do; and that he went ahead and fenced up the road because the court told him he had done all he could do.

Defendant then offered a letter which was rejected. It purported to have been written by D. E. Brundage, was dated at Lebanon, Mo., April 13, 1912, and was written on a letter-head on which appeared in print. "D. E. Brundage, County Highway Engineer," and was addressed to M. W. Eagan, Pine Creek, Mo., who, the evidence shows, was a road overseer. In this letter Brundage informed Eagan that he had looked over the roads entering into the Faith controversy, expressed a doubt as to whether they could require Faith to open the old road, intimated that if they could it would put the old road back in the branch bed, and stated that a part of the road had been cut out and was better than the average; that Faith had agreed to make some changes; that "we will not proceed as Mr. Ford instructed you but will leave Mr. Faith's fence where it is;" and in closing the letter: "The best thing we can do is to accept the compromise and take Mr. Faith's offer to improve the Nebo part of the road." Defendant also offered to prove that he compromised the matter with the county highway engineer, and that two years after the trouble came up he went to the county court in session and that the presiding judge told him to go on. He further offered to prove that the new road was in better condition than the old, and that the county court told him the change had been allowed.

We think the whole question in this case is solved by a construction of section 10444, Revised Statutes

1909, which provides that where a person wishes to cultivate or enclose land through which a county road runs he may on petition with proper notice and at his own expense obtain permission to turn said road on his own land or the land of another person consenting thereto, and that the county court shall appoint the highway engineer to view the same and make certain reports to the court, and that it shall order the change, and that upon satisfactory proof that such change is equally convenient to travelers the court shall make an order vacating the abandoned road and cause the report thereof to be recorded.

The evidence discloses clearly that the petition to the county court contemplated a change under the section of the statute just referred to and that the county court in this instance acted thereon, and that it did order the change. It went further and provided the kind of proof that would satisfy it that the condition had been complied with, to-wit, by a report to that effect from the county highway engineer, and this is as far as the record entries of the county court ever went so far as the trial record before us shows. The county court never made the order vacating the part of the old road covered by the petition.

It is argued by the defendant that the court had no power to make this conditional order. The statute clearly gives this power; and it is a wise provision, because, were it left to the parties desiring the change to say when the road was in the condition required, the rights of the public would often be imposed upon. Changing the road under section 10444, Revised Statutes 1909, effects only public interest and does not involve private rights. [Howe v. Callaway, 119 Mo. App. 251, 95 S. W. 974.]

It is admitted that the obstructed public road was a legally established highway, and this being true, the public had a vested interest therein, and the only way the county court may act so that the public shall lose

its rights in such a highway is by following the require-ments of the statute. There are but two methods set out in the statutes by which a county court may vacate a road, one as provided in section 10444, and the other as provided in section 10445, Revised Statutes 1909. That the public has a vested interest in highways has often been held in this State. [See, State v. Culver, 65 Mo. 607; State v. Walters, 69 Mo. 463; Hannibal & St. J. R. Co. v. Totman, 149 Mo. 657, 51 S. W. 412; Zimmer-man v. Snowden, 88 Mo. 218; State v. Wells, 70 Mo. 635.]

The order vacating the road on which the obstruc-tion was placed was never made, and the defendant is held to a knowledge of the requirements of the statute. County courts speak only by their records and their proceedings cannot be proven by extrinsic evidence. Maupin v. Franklin County, 67 Mo. 327; Harkreader v. Vernon County, 216 Mo. l. c. 706, 116 S. W. 523; David-son v. Real Estate and Inv. Co., 226 Mo. l. c. 29, 125 S. W. 1143.] And, therefore, the defendant's offer to show what the county judges said to him, or what the county highway engineer said to him or to some one else, was entirely improper and incompetent. The road that defendant obstructed was a legal highway and its use remained vested in the public until an order vacat-ing the same should be made. This is the plain written law in the statute and all must be held to know it. This being a public road, and defendant having obstructed it, he is clearly amenable to the law as prescribed in section 10533, Revised Statutes 1909.

The defendant contends that the trial court erred in excluding the evidence that defendant offered be-cause such evidence would tend to show his *intent* in closing the old road. It has been held, however, in the case of State v. Wells, 70 Mo. 635, 638, that "It makes not the slightest difference in this case whether the de-fendant had any knowledge that the road was legally established or not. The offense with which he was

charged is a misdemeanor, and in that class of offenses, the intent which prompts the act, possesses no significance.''

As to the character of evidence necessary to the proof of the establishment of a county road and the proceedings of a county court, the opinion in the case of State v. Parsons, 53 Mo. App. 135 may be looked to.

The evidence in this case shows clearly that the land over which defendant's fence was constructed was a public highway. The road could be vacated only by an order of the county court entered of record. This the defendant failed to show. Until such order was made the old road continued to be a public highway.

The strongest case supporting defendant's view that we have been able to find is that of State v. White, 96 Mo. App. 34, 69 S. W. 684, where a corporation had obstructed a highway and it was held that the president of the corporation who was not present and had no knowledge whatever of the incident could not be held under this statute for obstructing a highway, but holds that if defendant had personally participated in the wrongful act it would be immaterial whether or not he knew that the alleged public road was legally such, citing State v. Wells, 70 Mo. 635.

Defendant in his brief assumes that the county court was acting under sections 10433 to 10437 inclusive, Revised Statutes 1909. As to this he is in error because the change contemplated as shown by orders made on defendant's petition to the county court amply demonstrate that the road was not to be changed as provided in those sections at the expense of the county, but was to be changed under section 10444, Revised Statutes 1909.

Finding no error, the judgment is affirmed. *Robertson, P. J.,* and *Sturgis, J.,* concur.

## SEPARATE CONCURRING OPINION.

STURGIS, J.—I concur in the result reached in this case for another reason: The appeal is brought here in the manner commonly known as the short form under section 2048, Revised Statutes 1909, applicable to civil cases. There was filed in this court in due time a certified copy of the judgment and order granting the appeal. No other part of the record has been certified to this court by the clerk of the trial court. This record merely discloses that the defendant entered a plea of not guilty, was tried by a jury, who returned a verdict finding him guilty and assessing his punishment at a fine of five dollars, and that thereafter an affidavit for appeal was sustained and the appeal granted to this court. The appellant has filed in this court what is termed an abstract of the record, made up in the same manner as applicable to civil cases. This abstract shows the information, omitting what are termed "formal parts," and condensed statements as to other parts of the record proper. It also states that a bill of exceptions was duly filed and sets out an abstract of the same, inclusive of the evidence introduced, the instructions given and refused by the court, the motion for new trial and the taking of the appeal. In short, the abstract is such as would be proper in a civil case, and would be taken by this court as sufficient unless the same was challenged or an additional abstract filed in this court by the opposite party.

A criminal case cannot be brought to this court on appeal in this manner. It was held in Golden City v. Hall, 68 Mo. App. 627, that the provisions of section 2253, Revised Statutes 1889, now section 2048, Revised Statutes 1909, providing for appeals in civil cases being brought to this court by filing a certified copy of the judgment and order granting the appeal and thereafter filing printed abstracts of the record in lieu of a perfect transcript, are not applicable to criminal cases.

A reading of sections 5308 and 5309, Revised Statutes 1909, providing for appeals in criminal cases shows that an appeal in a criminal case can only be brought to this court by a full transcript of the record, certified by the clerk of the trial court. We cannot, therefore, review this case and pass on the alleged errors on the printed abstract of the record.

It has often been held that it is the duty of this court in a criminal case, where a transcript of the record has been filed here in the time prescribed by statute, to examine such record for errors and render judgment thereon without any abstracts, statements or briefs being filed. [State v. Davidson, 73 Mo. 428; State v. Miles, 174 Mo. App. 181, 156 S. W. 758; State v. Rhodes, 35 Mo. App. 360, 364.] This court, however, can only review such matters as are shown by the transcript certified by the clerk of the trial court. There is nothing before this court, therefore, except the judgment and order granting the appeal and these are free from error. There is nothing in the record before us to show that the court in granting the appeal made any order operating as a stay of proceedings and it therefore became the duty of the appellant to see that the transcript was made out, certified and filed in this court. such is the construction given to sections 5308 and 5309, Revised Statutes 1909, in Caldwell v. Hawkins, 46 Mo. 263; State v. Caldwell, 21 Mo. App. 645; and State v. Dempsey, 168 Mo. App. 298, 300, 153 S. W. 1064. What is said in the last cited case about filing abstracts of the record in said *arguendo* and in no wise means that an abstract of the record may take the place of a full transcript certified by the clerk of the trial court. The appellant, therefore, has failed to bring his case before this court in the manner required for appeals in criminal cases and as the duty devolves on him to have this done, none of the errors complained of by him are properly before this court for review. In this we all agree.