Dear Ms. Prewitt:
This is in response to your request for an opinion on the following questions:
 Does the county court of a Missouri county of the third class have the authority to close public roads within the county without following the statutory procedures set forth in Chapter 228, RSMo?
 Does it have the authority to enter into an agreement not to maintain a public road?
In addition, you inform us:
 The county court of Oregon County has agreed with the United States Department of Agriculture, Forest Service, to close a portion of the "Bliss Springs" road in Oregon County. . . . Residents in the area where the road is located are questioning the authority of the county court to close the road.
 There are two issues involved. One is whether the road is in deed a public road, which should be decided by the courts. The other issue, on which an opinion is sought, is whether, assuming that a road is public, the county court has the authority to agree to close it to public use without following the procedures outlined in Chapter 228, RSMo. governing vacation of roads. If not, does the court have authority to agree not to maintain a public road?
We assume, for purposes of this opinion, that Bliss Springs Road is a public road.
Vacation or abandonment of a public road can only be accomplished in accordance with statutory procedures. See Sections228.110 and 228.190, RSMo 1978, and County of Bollinger v. Ladd,564 S.W.2d 267, 270 (Mo.App. 1978). Section 228.190, RSMo 1978, provides that "nonuse by the public for five years continuously of any public road shall be deemed an abandonment and vacation of the same." In order for a public road to be vacated by abandonment, a "clear and entire abandonment by the public" must exist during this five-year period. Seaton v. Weir, 633 S.W.2d 212, 213
(Mo.App. 1982). If the road is infrequently or rarely used or is only partially used by the public, it is not abandoned. Hedges v.County Court of Ray County, 581 S.W.2d 63 (Mo.App. 1979). From the fact situation you present, we do not believe Bliss Springs Road has been abandoned.
Once a road has been established as a public road, the right to use the road vests in the public. Gerst v. Flinn, 615 S.W.2d 628,631 (Mo.App. 1981). Assuming, as we do, that the herein is not abandoned, the only lawful means to vacate county public road is the method provided by Section 228.110, RSMo 1978. Hedges v. County Court of Ray County, supra; Sheppard v.May, 83 Mo. App. 275 (1900).
Section 228.110, RSMo 1978, provides five distinct procedural steps that must be complied with before an order vacating a public road can be granted by the county court. Briefly stated these steps are: (1) twelve freeholders from the township must petition for the vacation of the road; (2) such petition shall be publicly read on the first day of the term of court at which the petition is to be presented and the matter continued to the next term; (3) notice of filing of the petition must be posted in three public places at least twenty days before the next term of court; (4) personal service of a copy of the petition must be made on all persons whose land crosses or touches the road proposed to be vacated; and (5) the petition shall again be publicly read on the first day of the term at which time the matter is to be heard. The statute provides an opportunity for other freeholders to be heard on the question of vacation.
Section 228.110.1, RSMo 1978, authorizes the county court to vacate a public road or part of a public road only if it is "useless, and the repairing of the same is an unreasonable burden upon the district or districts. . ." See, Ross v. Conco Quarry,Inc., 543 S.W.2d 568, 576 (Mo.App. 1976); Burrows v. County courtof Carter County, 308 S.W.2d 299, 304-305 (Mo.App. 1957).
In view of the foregoing, we believe a county court must strictly comply with the procedures of Section 228.110, RSMo 1978, to vacate a county public road which has not been found to be abandoned. In sum, a county court must follow the statutory procedures, and make the requisite finding of fact, prior to vacating a public road. State v. Faith, 180 Mo. App. 484, 490-491,166 S.W. 649, 651 (1914).
Your second question asks whether the county court entrusted with the duty to repair or maintain the public roads may cease to maintain a public road not vacated pursuant to statute or found to be abandoned. Generally, vacation or abandonment of the public road relieves the county of its duty to maintain because title to a vacated or abandoned road reverts to the abutting land owners in fee to the center of the road. State ex rel Reynolds County v.Riden, 621 S.W.2d 366, 370 (Mo.App. 1981).
Section 231.070, RSMo 1978, provides that "[i]t shall be the duty of the overseer [appointed pursuant to Section 231.020] to keep the roads . . . in as good repair as the funds at his command will permit. . . ." The county has a statutory duty to repair or maintain the roads. We believe that the duty to maintain such roads is absolute but only to the level of available funds. We do not believe, however, that a county court has the authority to choose not to maintain a public road unless the provisions of Section 228.010 have been followed or the road is found to be abandoned by the county court, pursuant to Section 228.190.
CONCLUSION
It is the opinion of this office that the county court of a third-class county must comply with Section 228.110, RSMo 1978, to vacate a county public road which has not been found to be abandoned. A county must maintain a public road to the level of funds available for that purpose.
This opinion, which I hereby approve, was drafted by my assistant, Mary Stewart Tansey.
Very truly yours,
 JOHN ASHCROFT Attorney General